NEW-YORK,
May, 1830.

Cuyler.
v.
Nellis.

---

## I. & F. CUYLER *vs.* NELLIS.

*Notice of protest*, if sent by mail, must be sent to the post-office *nearest* to the defendant, if there be more than one post-office in the town in which he resides ; or to the post-office most convenient to him, or where he resorts for his letters.

The holder of negotiable paper seeking to charge endorsers is bound to make enquiries as to the proper office to which notice must be sent.

THIS was an action of assumpsit tried at the Albany circuit in September, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The suit was against the defendant as the *endorser* of a promissory note. The plaintiffs were nonsuited on the ground of the insufficiency of the notice of protest. The note was dated at Canajoharie, payable at the Commercial Bank in Albany; when due it was protested and notice of protest put in the post-office at Albany, directed to the defendant at Canajoharie, where he resided. On the part of the defendant it appeared that there were two post-offices in the town of Canajoharie, one designated as the Canajoharie post-office, the other as the Canajoharie Central post-office; that the defendant resides about ¾ *of a mile* from the latter office, where he receives his letters; and that he is distant from the other office more than *six miles*. A letter directed to Canajoharie and forwarded by mail, would go to the Canajoharie post-office; to forward it from thence to the Canajoharie Central post-office, it would have to be re-mailed and additional postage charged, but it would arrive the same week, there being a weekly mail between the two offices, though the mail is rather irregular. The post master of the Canajoharie Central office testified that he was at home on 26th June, 1828, (the day the notice was put into the post-office at Albany,) and for several weeks after that day; that he had no deputy and personally attended to his office, and knew that no letter was received at his office at or near that time for the defendant. A witness was called by the plaintiff in the hope of proving an admission of receipt of notice by the defendant, but instead of proving such admission, he testified that the defendant uniformly declared that he never had received notice of protest. On the intimation of the judge that the plaintiff could not recover, the plaintiff submitted to a nonsuit, with leave to move to set it aside.

*J. L. Wendell,* for plaintiffs. The parties not residing in the same town, notice of protest was correctly sent through the post-office. (11 Johns. R. 231. 7 Mass. R. 483.) Such notice is sufficient although there is no proof of its being actually received. (1 Peters' S. C. R. 583.) And even though it should appear to have miscarried. (6 Mass. R. 316.)

To require notice of protest to be sent to the post-office *nearest* to the residence of the defendant, where he resides

NEW-YORK,
May, 1830.

Cuyler
v.
Nellis.

in a town having more than one post-office, would destroy the rule allowing notice to be sent through the post-office ; for to prevent the danger of losing a debt, it would frequently be necessary to have an actual measurement taken to ascertain the precise distance of the several post-offices from the residence of the defendant ; and if so, it would be better at once to give personal notice. Ordinary diligence is all that can be required of the holder of paper, and the want of such diligence is not chargeable in this case. The notice was sent to a post-office in the town where the defendant resided. There being several post-offices in that town, it was the business of the defendant to make arrangements at each for the receipt of his letters. (1 Maule & Sel. 545.) Besides there was a weekly mail from one office to the other in the same town. The defendant cannot complain of want of notice, it being sent to an office in the town in which he resided but a few miles distant from him ; had he not lived in a post town, notice sent to the *nearest post town* would have been sufficient. (6 Wheaton, 106. 1 Pickering, 401.) And if a notice sent to an adjoining town would be good, it should seem that a notice sent to a post-office in the same town ought to be sufficient.

*M. T. Reynolds,* for defendant. The notice was insufficient. The holder was bound to send it to the post-office nearest to the residence of the defendant. Had inquiry been made for such office, the probability is that the notice would have been properly directed and that it would have come to the hands of the defendant, whereas from the evidence it appears it never did come to his knowledge. The inquiry should be for the post-office nearest to the defendant, not for the town where he resides ; and there being more than one post-office in the town, the necessity for the inquiry becomes greater, for it is to be presumed that a man would resort only to the office nearest to him for his letters. In this case it does not appear that any inquiry whatever was made to guide in the direction of the notice. Inquiry is indispensable, and even where it is made, if the notice be not sent to the proper office, the endorser is discharged unless great dil-

igence is shewn. In the *Bank of Utica* v. *De Mott*, (13 Johns. R. 432,) the court said, with ordinary diligence the place of the defendant's residence might have been ascertained, and, notice being given, the loss must fall upon the plaintiff. So also the case of *Reid* v. *Payne*. (16 Johns. R. 280,) shews that inquiry must be made.

*By the Court*, SAVAGE, Ch. J. The holder of a bill or note is required to use reasonable diligence in ascertaining the residence of the endorser, and such notice must be given as will be most likely to reach him. In *Miller* v. *Hackley*, (5 Johns. R. 584,) notice by mail, where the parties resided in different places, was held sufficient. The same point was decided in the same way in the supreme court of Massachusetts, in *Munn* v. *Baldwin*, (6 Mass. R. 316,) and in that case a doubt is suggested, whether such notice would be good if it should appear that the letter miscarried, though it is intimated that it would be good, and that the miscarriage would be at the risk of the defendant, the same as if a letter had been sent by his private servant and not delivered to him.

In *Ireland* v. *Kip*, (10 Johns. R. 493,) the court said, that putting a notice in the post-office where the parties live in the same place, though three miles distant, was not sufficient; it must be personal or something tantamount; and see 11 Johns. R. 232, same case, where this rule is laid down: " If the party to be served by a notice resides in a different place or city, then the notice may be sent through the post-office, to the post-office nearest the party entitled to notice."

In *The Bank of Utica* v. *De Mott*, (13 Johns. R. 432,) a notice sent to *Canandaigua*, when the endorser lived at *Ovid*, was held insufficient. It was shewn that inquiry had been made for the residence of the endorser, and the notary made the direction according to the information received, which, however, was derived from circumstances. The court say, " with ordinary diligence the place of his (the defendant's) abode might have been ascertained, and it must be the plaintiff's loss, not the defendant's, that the notice was not given." The court distinguished that case from

*Chapman* v. *Lipscombe,* (1 Johns. R. 296,) where the note was dated in New-York and the defendants resided in *Petersburgh*, Virginia, and where the notice was held sufficient, though sent to *Norfolk,* the holder having used great diligence, and on enquiry at the banks, had been informed that Norfolk was the defendant's place of residence. In this case the note was dated at Canajoharie, but no inquiry seems to have been made as to the defendant's residence. In the case of *Reid* v. *Payne,* (16 Jonns. R. 218,) the notice was sent to *Greenbush* after inquiry for the endorser's residence ; he in fact lived in the adjoining town of *Schodack,* five miles from the post-office in Greenbush. There were two post-offices in *Schodack,* and one of them one mile *nearer* to the defendant than the Greenbush post-office ; but it appeared that the defendant and his neighbors did their business principally at Greenbush, and the post-office, there was more convenient for the defendant than either of the offices in Schodack, and he had sometimes received letters at Greenbush. The court here laid down the principle which governs the rule in these cases. It is to *bring the information to the endorser ;* and therefore in *Ireland* v. *Kip,* they said the notice should be sent to the nearest post-office, presuming that the object would be best attained in that manner. But if notice be sent to the post-office where the party usually does his business, it would be good although in a different town. The court held the notice sufficient, because it appeared that the defendant usually received his letters in Greenbush, and it was most convenient for him to do so, and there also the notary directed his notice upon sufficient inquiry

Applying the principles of the preceding cases to this, it follows that the notice was not sufficient. The person giving notice made no inquiry as to the residence of the defendant, or at what post-office he received his letters, or which office was nearest or most convenient.

It appears that the *Central post-office* was nearest and most convenient to the defendant, and the place where he did his business. The notice should have been sent there.

Motion to set aside nonsuit denied.