By Senator Verplanck.
Although the statute, passed just after the making of the note on which this suit is "brought, has [ *278 ] legislatively fixed the rule of notice, by mail where there happetis to be more than one post-office in the same township, this case still presents *212 questions of interest beyond the strict rights of the parties; as its decision may influence analogous questions of due diligence and reasonable notice on negotiable paper.
I think that in this case it was properly left to the jury to decide whether the erroneous description of the r.ote in the notice of protest, was, under the circumstances, sufficient to give information, or in any way apprise the defendant of its dishonor, or whether it was merely calculated to mislead him. The notice appears to have been erroneous as to the amount of the note ; but yet, according to the testimony of a witness, might have been read correctly ; and there ivas also evidence that there was no other note than this payable at the same bank on which the defendant below was responsible. Thus there was presented not merely the naked and undisputed fact of an erroneous notice on which the court might pronounce, but a state of facts ad-m'tting of some doubt, however slight, such as amounted to a mixed question of law and fact, that should go to the jury under the direction of the court. That sort of erroneous notice which could not fail to apprise one person of the non-payment of paper on which he was an endorser, might only mislead another differently circumstanced. Of this, the jury can generally judge on the evidence ; and where there is any. extrinsic or collateral evidence beyond the notice itself, I know not how we can prescribe any general legal rule to govern such questions. This, in my judgment, was therefore rightly submitted to the jury; and although the defendant might not have been misled by the notice had it reached him in course of mail; yet, as I cannot say that there is any positive misdirection of the judge, or that the verdict is against evidence, I think the judgment should not be disturbed on the ground of misdescription of the note.
But the judge seems to me to have misled the jury, by refusing when requested to instruct them that the note was not within the operation of the act of April, 1835, exonerating the holders of negotiable paper [ *279 ] from inquiring as to the ^particular post-office to which notice should be sent when the specific direction had not been added to the endorsers’ name. This statute had been passed two years before the trial; it had been brought to the knowledge of the jury at the trial as appears from the record, and it might have been familiar in practice to some of them. That act is evidently inapplicable to this note made a few days before it became a law. It is in no sense retrospective. It is not declaratory of any rule or principle applicable alike to past and future transactions. It simply lays down a positive rule for the future, whereby parties to negotiable paper are to regulate their rights and responsibilities as to notice, and obliges them to take the consequences of neglecting the precautions it prescribes. The act had been so long in daily use at the time of trial that the jury might well have supposed it to govern the case, especially when *213 the judge omitted to instruct them that it did not do so, when he was so requested by counsel.
The judge also erred in giving his opinion, that the notice of protest was sufficient if directed to the town of the defendant’s residence, and then referring it to the jury to decide whether the notice had been properly directed. According to the express decision of our supreme court before the statute, 4 Wendell, 398, (informally overruled, as Judge Bronson intimates, by the same court,) and also to the general law of negotiable paper, except so far since modified by that statute, it is the holders duty to use diligence in ascertaining the proper address. The charge directed the attention of the jury to a wrong point of inquiry, and coupled with the refusal to instruct as to the effect of the statute, may have led to a verdict such as would not otherwise have been given. I am not confident that the verdict was in fact erroneous, but the misdirection was quite sufficient to make it so. I think, accordingly, that the judgment of the supreme court should be reversed, and a new trial granted.