The opinion of the Court, was delivered by
Whitehead, J.
■ The single question presented by the case is, whether the notice of non payment, to the indorser, was sufficient. There were two offices nearer to the defendant’s residence than the one to which the notice was sent; but it was in evidence, *131 that he was in the habit of transacting his business through the latter office. The undertaking of an indorser of a negotiable note or bill is, that if the same be not paid by the drawer upon a proper demand made at the time when by the terms thereof it becomes payable, and due notice of such non payment be served upon him, that he will pay the amount to the holder. His liability is conditional. If the holder perform the duties the law enjoins upon him, in making demand and giving notice, the indorser becomes absolutely bound for payment, but a default in either will discharge him.
The object of the notice is to apprise the party of the dishonor of the note, that he may understand his consequent obligations and resort to the parties liable to him. All that the law requires of the holder is, the exercise of due diligence in communicating the notice. If the parties do not reside in the same town, the notice may be sent by a special messenger, or through the post office. The law allows the latter mode of transmitting it, because it is the usual and ordinary mode of conveyance, and affords reasonable ground for presuming that it will be brought home to the party without unreasonable delay. If it be adopted, the holder is not bound to prove the actual receipt of the notice by the indorser. He is required to exercise due diligence in learning the residence of the indorser, and in sending by mail in proper time, the notice directed to him at the proper place.
Was the notice in this case sent to the proper place ? It was not sent to the office nearest to the defendant’s residence, but to the one through which he was in the habit of receiving his letters. This is evidence of due diligence on the part of the holder ; for the reason, that in transacting his business at this office, the defendant has in effect notified his correspondents and others, that it was the place to which he desired letters to him to be directed.
The presumption is, that information conveyed in this way would be received as soon, if not sooner, than if directed to him at the office nearest his residence, but to which he did not usually resort for letters.
Such notice has been repeatedly adjudged sufficient. In the case of The Bank of Geneva v. Howlett, 4 Wendell 328, the court decided, that “ it is not indispensable that the notice should *132 be sent to the office nearest to the residence of the party, nor even to the town in which he resides. It is sufficient if it be sent to the office to which be usually resorts for his letters, and where he would probably receive it as sooü as at the office nearer to him.” See also to the same effect Reid v. Payne, 16 Johnson 218; Downer v. Reemer, 21 Wendell 10; Reemer v. Downer, 23 Wendell 620; Rank of Columbia v. Lawrence, 1 Peters Rep. 578; Panic of United States v. Carneal, 2 Peters 543. Judge Story in his book on bills of exchange, page 332 treats this as the correct rule, and in the same work, page 454 adds “ if the notice goes by mail, it should be directed and go to the post office of the town in which the party dwells, or to the post office, if known, where he is accustomed to receive his letters, or to the nearest post office if there be none in the town.”
The reasonable and correct rule, as founded in convenience to the parties is, that the notice should be sent to the post office nearest to the residence of the indorser, or to the office to which he usually resorts for letters; or if he be in the habit of receiving his letters at various post offices to suit his business, then it is sufficient to send it to either.
In adopting this rule we conflict with the rule declared by this court in Ferris v. Saxton, 1 Southard 1, that the notice must in all cases be sent to the post office nearest to the actual residence of the party ; and that until this be done, the indorsee has no possible claim against him.
It is manifest upon reading the report of this case, that the law upon this subject, was not at that time well understood. For the Chief Justice who tried the cause, upon the motion to non-suit .the plaintiff for the insufficiency of the notice, observed “ this question of due notice on the non-payment of notes, has not been very satisfactorily settled in New Jersey; the old practice and indeed the practice up to this day, so far as I know, has been to consider the indorser merely as a security for the maker of the note and if he would exonerate himself, to put him to show, that the non payment had been owing to want of due diligence in the holder, and that if condemned, the loss would fall upon him, for want of reasonable notice of such non payment.
“ Upon this principle, it has been the course, of the court to submit the question of due diligence and reasonable notice, as a *133 matter of fact, to the consideration of the jury, and not as a matter of law, to the opinion of the judges.”
Besides, there was nothing in the circumstances of that case which called for the adoption of any other rule. The proof of diligence on the part of the plaintiff was clearly insufficient. The notice to the defendant was sent by mail to the 'Flemington post office, distant ten miles from his residence, while there were several other offices nearer his residence; and there was no evidence that he was in the habit of receiving his letters at the Flemington office. The only evidence of diligence on the part of the plaintiff, was that of the notary, who testified, “ that he inquired of one Samuel Holcomb of New Brunswick, who came, he understood, from the part of the country where Saxton lived, and •had connexions in trade there, and was informed that Fleming-ton was the most likely place of his receiving a notice.” It does not appear that he inquired of the officers of the Bank, or of any other person than Holcomb, as to the defendant’s residence. Under this evidence, the court were right in adjudging the notice to be insufficient. But the rule they laid down, to be of general and universal application in other cases and under other circumstances, is too strict. It is an inconvenient rule and cannot be sustained upon principle.
The cases of the State Bank at Elizabeth v. Ayers, 2 Halsted 130, and of the Paterson Bank v. Butler, 7 Halsted 268, referred to by the defendant’s counsel, did not call for any modification or extension of the rule declared in Ferris v. Saxton. Ford, J., in 2d Halsted 131, remarks, “ if the indorser live in a city or place different from the holder, he may be served with notice by letter directed to the post office which is nearest to his residence.” The notice in that case was sent to the office nearest to the defendant’s residence, and this under any circumstances is a good service. There being no evidence that he transacted his business through any other post office, the court were not called upon to decide the question raised in this case.
Let the rule to show cause be discharged and judgment entered for the plaintiff.

Judgment accordingly.