*Marginalia:* NEW-YORK, May, 1829. Butler v. Wright.

---

## BUTLER *vs.* WRIGHT.

THIS was an action of assumpsit, tried at the Dutchess circuit, in December, 1827, before the Hon. JAMES EMOTT, one of the circuit judges.

The defendant was the first and the plaintiff the second endorser of a promissory note discounted at the Middle District Bank, for the accommodation and sole benefit of the drawer, one Joseph A. Bostwick. The note was for $1500, dated 22d November, 1816, payable in 60 days. When due, it was protested for non-payment. The defendant paid to the bank $800 towards the note. The plaintiff was sued by the bank, and a judgment obtained against him for $917,69. He made various payments on account of the

*Marginalia:* An action for *money paid, laid out and expended,* will lie at the suit of an endorsee of a promissory note against an endorser for money paid on a judgment obtained against the former by the holder of the note, although such payment is but in part satisfaction of the debt; [and such suit will

lie for every payment made in *good faith,* and with the bona fide intent of reducing or extinguishing the debt.

A former recovery for a previous payment is no bar to a second action for a subsequent payment, although the evidence in both actions is, in fact, the same, i. e. the proof of the liability of the defendant as endorser, the former recovery not having been upon the note, but for money paid.

The *memoranda* of a deceased *notary* of the demand and notice of non-payment of a promissory note, are prima facie evidence of the fact.

same, amounting, in January, 1821, to $330, when he brought his action against the defendant to recover the money so paid by him. On the trial of the cause he was nonsuited, but the nonsuit was set aside and a new trial granted, (20 *Johns. R.* 367,) when he obtained a verdict, judgment and satisfaction. Subsequent to 1821, the plaintiff made further payments to the bank, amounting, in March, 1825, to the sum of $378,42; and in October term, 1826, he commenced the present suit against the defendant. The declaration in this, as in the former suit, contained a count on the note by the plaintiff as endorsee, against the defendant as endorser, and the common money counts. The defendant pleaded a former recovery, setting forth the pleadings in the former suit, the evidence given on the trial, the verdict and judgment, and averring satisfaction; and also pleaded the statute of limitations. The plaintiff new assigned that his action was brought for the non-performance of promises other and different than those for which judgment had been rendered in the former suit, and to the plea of the statute of limitations, replied a new promise. On the trial of this cause, it was proved that on the trial of the former cause, the plaintiff waived his right to recover on the first count of his declaratiion, i. e. the count by endorsee against endorser, and claimed to recover only on the money counts, and he now did the same. The note was read, and evidence of its protest was received, though objected to. The evidence of the protest and notice to the endorser was, that on the former trial, a witness, now deceased, proved a regular protest, then and now produced, to be in the hand-writing of a notary, who did the notarial business of the bank at the maturity of the note, and who had been dead for several years. On the protest was the following memorandum, also in the hand writing of the notary: "1817, January 24th, left at house. 25th, at Pierce's house." (J. Pierce was a third endorser.) And a memorandum book of the notary, called a "protest book," was produced, in which the note in question was entered, and under a column headed "notice when given," was written the word "house," and underneath that, the words "W. house." It was also proved that another witness, now

also deceased, on the former trial, testified that several years after the note was due, the defendant admitted his liability to the plaintiff in a certain sum, by reason of his endorsement.

In the progress of the trial, the counsel for the defendant objected to all evidence going to shew the liability of the defendant under his endorsement of the note, and to the sufficiency of the proof of notice of non-payment, and insisted that the plaintiff was not entitled to maintain his action. The judge, however, deciding against him on the several questions raised, a bill of exceptions was tendered and sealed, and a verdict found for the plaintiff for the amount claimed by him as paid since the former trial, with the interest thereof.

*P. Ruggles*, for defendant, now moved to set aside the verdict. The note was the foundation of the suit, and the plaintiff, not having paid or taken it up, was not entitled to sustain an action upon it, it being the property of the Middle District Bank.

The evidence of notice of non-payment was insufficient. In the case of *Halliday* v. *Martinett*, (20 *Johns. R.* 168,) the memoranda of a deceased *notary* stating certain facts, were received in evidence ; but the memoranda here amount to nothing ; they are detached words, signifying nothing in themselves.

The former recovery is a bar to the present action. By the new assignment of the plaintiff, the plea of the defendant was admitted, and the plaintiff was precluded from recovering upon the facts to which it applied. Admitting that the plaintiff in the first action, under the count for money paid, correctly gave in evidence the note, endorsement, protest and notice, to establish the defendant's liability, and without such proof he could not have recovered, he cannot be allowed, in a second action, to give the same evidence. New assignments may be made as well in actions *ex contractu* as in actions *ex delicto*. (1 *Chitty's Pl.* 602, 3.) The effect of a new assignment is to exclude all the previous pleadings and the facts to which they relate. (1 *Chitty*, 613, 14. 1 *Saund.* 299, *n.* 6. *Bull. N. P.* 92. *Cro. Eliz.* 492. 15 *East*, 234. *Bacon's Abr.* trespass 1, *replication* 2, *pl.* 264, 5.) The plaintiff, therefore, having failed to shew a separate and

distinct cause of action, independent of that answered by the plea in bar, was not entitled to a verdict. In the case of *Phillips* v. *Birch*, (16 *Johns. R.* 136,) though the court decided that a former recovery, apparently for the same cause of action as that which was the foundation of a subsequent suit, might be repelled, still it must be by proof of a distinct demand, in relation to which no testimony had been given on the trial of the former cause, and not growing out of the same contract or transaction. The plaintiff could not have recovered in this case, without shewing the facts proved on the former trial, i. e. the note, endorsement, &c. Proof alone of the payment of $378, since the former suit, would have given him no right of action ; and if the plaintiff was obliged to resort to the same evidence, without which he could not have recovered in the first action, the principle of *memo debet bis vexari* applies. (3 *Wils.* 304. 2 *Johns. R.* 210. 15 *id.* 229, 432. 5 *Wheaton*, 277.) If the defendant is liable to this action, he may be sued *toties quoties*, in opposition to the principle that an entire contract cannot be split up into different suits. That the defendant might avoid the multiplicity of suits by paying his debts, has never been considered a sufficient reason to permit a man to be vexed with more than one suit on an entire contract, until the decision in 20 *Johnson.* The plaintiff in the former suit declared on the note as endorsee. The judgment is entered up generally without a *nolle prosequi* as to that count, and he therefore ought not to have been allowed to prove that on the former trial he claimed to recover only under the money counts, especially as it appeared that the note was actually given in evidence. He could not contradict the record.

If the defendant's liability rests upon his endorsement and not upon the fact of payment by the plaintiff, the statute of limitations is a perfect bar.

*A. L. Jordan*, for plaintiff, relied upon the decision of the court in the former case between the same parties. (20 *Johns. R.* 367.) The memoranda of a deceased notary relative to the protest of a note are proper evidence to be submitted to a jury. (20 *Johns. R.* 168.) Where a second

action is brought to recover apparently the same demand, the *onus probandi* that the claim is not included in the former recovery is thrown upon the plaintiff; but on shewing the fact, he is entitled to recover. (16 *Johns. R.* 136. 6 *Cowen*, 225.)

*By the Court*, SUTHERLAND, J. It was held in the case between these same parties, (20 *Johns. R.* 367,) that though the plaintiff could not maintain an action on the note, as it had not been fully paid, and was the property of the bank; yet that he might sustain the action against the defendant, and recover the amount paid by him, on the count for money paid, laid out and expended for the defendant at his request. Chief Justice Spencer, who delivered the opinion of the court, observes, that as regards the plaintiff, the defendant was under a legal obligation to take up the note when it became due, and when it was ascertained that the maker had failed to pay it, that it could not be questioned that the plaintiff had a right, when he was called on by the bank, to pay up the note; and that if he had done so, his remedy against the defendant, either by declaring on the note or for money paid, laid out and expended, would have been perfect. In answer to the objection which was urged by the counsel upon the argument, that the defendant, if this action was sustained, would be subjected not only to a suit by the plaintiff, but also to a suit by the bank for the unpaid balance of the note, it is observed that it is not for the defendant to urge such an objection; because, by so doing, he takes advantage of his own wrong, (in not paying the note,) which is against a maxim of the law, that it is not only his duty but in his power to remove the objection at once, by paying the balance due to the bank, and if he performed his duty, he would not be subjected to two suits; and it is asked, suppose the plaintiff is unable to pay any thing more to the bank, is he to lose the money he has paid? or, suppose a third person, at the instance of the defendant, had paid a part of the note to the bank, it could not be objected, in a suit brought for the money thus paid, that the defendant would be liable to two suits; and the chief justice concludes by observing,

" On the grounds that the plaintiff has paid $380 on account of a debt, which was demandable both from the plaintiff and defendant, but which, as between these parties, the defendant ought to have paid, and that the plaintiff himself has not attempted to split up or subdivide any cause of action he has against the defendant; that in making the objection, the defendant rests on his own wrongful act; and that if he is exposed to another suit, he can remove that objection by fulfilling his contract with the plaintiff, I am of opinion that he is liable in this action."

The principles here advanced and established appear to me fully to authorize and sustain the action which was commenced in October term, 1826, to recover from the defendant the amount of certain payments made by the plaintiff to the bank upon this note, subsequent to the bringing of the first suit. If he can recover for one partial payment under the money counts, I do not perceive why he cannot sustain an action for every payment made by him in good faith, and with the bona fide intent of reducing or extinguishing the debt. If the defendant was in fault for not preventing the first suit by satisfying the note, he certainly is not less so now, after so great a lapse of time in permitting the note to remain unpaid.

The former recovery can be no bar to the present action, although the evidence in both was in part the same. It was necessary in both suits, in order to entitle the plaintiff to recover, to shew that the defendant had been charged as endorser by a regular demand of the maker, and notice to the defendant of non-payment. This evidence was indispensable to make out the fact, that in judgment of law the money was paid for his use; for unless he was charged as endorser, the payment was not for his use or benefit. But the recovery was not upon the note, for it did not belong to the plaintiff, but was simply for the money paid by him; so in this action the plaintiff seeks to recover other money paid by him since the commencement of the first suit, and which, of course, could not have been embraced in the first judgment. The case of *Phillips* v. *Berick*, (16 *Johns. R.* 136,) decides that the record of a former recovery, apparently for the same

cause of action as that which is the foundation of a subsequent suit, is *prima facie* evidence only that the *demand* had been once tried; and the plaintiff may repel it by shewing that it was a distinct demand, in relation to which no evidence had been offered in the former cause, and that it arose out of a distinct transaction. Now the real cause of action in this suit, is the money paid by the plaintiff to the bank since the first suit was commenced. The cause of action in that suit, was the money paid to the bank *before* the commencement of that action. They have no connection with each other. (6 *Cowen*, 228.)

2. I am inclined to think the evidence of demand and notice of non-payment to the endorser was *prima facie* sufficient. (*Halliday* v. *Martinett*, 20 *Johns*. *R*. 168. *Hart & Lay* v. *Wilson & Gates*, *post*.)

3. If the plaintiff's cause of action is the money paid by him, and not the note, as was decided in 20 *Johnson*, then it is not barred by the statute of limitations. The suit was commenced in October term, 1826, and the first payment proved was in 1821.

<div align="center">Motion for new trial denied.</div>