### Nichols & Luce *vs.* Goldsmith.

It is sufficient evidence of *demand of payment* and of *refusal to pay* a note payable at a particular *place*, if the note be left there, and no funds are provided to take it up.

The *memorandum* of a deceased *cashier* of a bank, who frequently notified endorsers of non-payment of notes in the name of the acting *notary* of the bank, that on a certain day he sent notice by mail to an endorser, was held to be competent, and, *prima facie* sufficient evidence to charge the endorser.

Where evidence is competent, if uncontradicted, it is sufficient to warrant a verdict ; and where the judge, on such evidence, directs a verdict, instead of submitting the question of the sufficiency of the evidence to the jury, a new trial will not be granted.

THIS was an action of *assumpsit*, tried at the Tompkins circuit, in January, 1830, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The defendant was sued as the endorser of a promissory note, dated 12th April, 1824, payable 88 days after date, at the Newburgh Branch Bank, at Ithaca. The note was left at bank for collection, and on the day it fell due, there were no funds provided and left at the bank for its payment, either by the drawer or any other person. The evidence of notice of non-payment was a *memorandum* on the back of the note in these words : " Noticed endorser by mail, to Elmira, Tioga county, July 13, 1824, for Chs. Humphrey, C. W. C." which

Was proved to be in the hand-writing of Charles W. Conner, who, at the date of the memorandum, was *cashier* of the bank at Ithica, and in the habit of giving notice of protest to endorsers of notes discounted at the bank, or left there for collection. Charles Humphrey, in 1824, was a public notary, and usually did the notarial business of the bank, but Conner frequently notified endorsers in the name of Humphrey. The defendant in 1824 resided at Elmira, in the county of Tioga, and Conner, at the time of the trial, was dead. It was objected, on the part of the defendant, that demand and non-payment of the note by the drawer and notice to the endorser were not sufficiently proved. The judge overruled the objections, and directed the jury to find a verdict for the plaintiffs, which they did accordingly. The defendant now moves to set aside the verdict.

*T. North*, for defendant. It was not shewn that *Conner* was the authorized agent, of the bank or of the holders of the note, to give notice. If he acted for the *notary*, it is to be presumed entries of his doings as such substitute were made in the books of the notary, who, or his books, should have been produced. Entries of deceased persons are admitted in cases of this kind only where they are made in the usual course of business, in books regularly kept for that purpose. 1 Salk. 268. Buller's N. P. 282. Peake's Ev. 14, n. c. Much more credit is due to entries made in books in the usual course of business, which are a continued register of transactions, made in their order at the time, than to single detailed memorandums, evincing little care, and which have no connection with other entries, shewing the time when they must have been made. The memorandum of a *notary* in relation to his official acts rests on different grounds from that of a private individual. The notary is a public officer, acting under the sanction of an oath. In the cases of *Halliday* v. *Martinet*, 20 Johns. R. 159, *Butler* v. *Wright*, 2 Wendell, 369, and *Hart* v. *Wisner*, id. 513, the entries had been made by notaries in registers kept by them for that purpose. So in the case of *Welch* v. *Barrett*, 15 Mass. R. 380, the entry proved was the entry of an agent of the bank, whose duty it was, by an express by-

NEW-YORK, law, to keep entries of his doings in respect to notices &c"
May, 1831. Besides, the judge ought not to have *directed* the jury to find
~~~~~~~~ for the plaintiffs, but should have submitted to them the ques-
Nichols   tion of the sufficiency of the evidence.    3 Wendell, 102.
v.
Goldsmith.

*Ben Johnson,* for plaintiffs, relied on 2 Phil. Ev. 21, c. : 3
Campb. 379. 4 id. 193; 20 Johns. R. 146, 168; Starkie's Ev.
part 1, 73, n. 1; part 2, 316 to 320; 17 Mass. R. 453; 1 Pick.
401; 2 Starkie's Ev. 266, 469; 5 Johns. R. 375.

*By the Court,* SAVAGE, Ch. J.   The facts not positively prov-
ed, are *demand* of the maker, and *notice* to the endorser, and the
question is whether the evidence which was given, was, under
the circumstances, sufficient.   1st. As to demand of payment:
" The general rule is, that a demand must be made on the
maker of the note on the day it falls due.   The exception is
that when the note is payable at a particular place, such de-
mand need not be made, if the holder, or any one for him, is
at the place with the note, so that he may receive the money
and give up the note."   13 Mass. R. 558, 9.   In *Saunderson*
v. *Judge,* 2 H. Bl. 510, it was held that demand need not
be personal, but may be at the house of the maker, or the place
which he appoints to make payment; and that as they at
whose house it was to be paid were themselves the holders,
it was a sufficient demand for them to turn to their books and
see the maker's account with them, and a sufficient refusal to
find that he had no effects in their hand.   Such was the evi-
dence in this case, and according to these cases it was suffi-
cient.   2d. As to the notice: A protest in this case was unne-
cessary.   It has been decided in this court that the written
memorandum made by a notary, who died before the trial,
may be given in evidence to prove demand, and notice of non-
payment.   *Halliday* v. *Martinet,* 20 Johns. R. 172.   2 Wen-
dell, 369, 513.   In *Halliday* v. *Martinet,* this court adopt the
language of the supreme court in Massachusetts, in *Welsh*
v. *Barrett,* 15 Mass. R. 380: "That what a man has done and
committed in writing, when under obligation to do the act, it
being in the course of the business he has undertaken, and he
being dead, there seems to be no danger in submitting to the

consideration of a jury." In that case the court permitted the memorandum of the messenger of a bank, he being dead, to be received in evidence, to prove demand on the maker, and notice to the endorser of a note left for collection. So too, memoranda made by clerks in the usual course of their business, have been received as evidence of the facts stated in those memoranda, where the clerks who made them are dead. 3 Campb. 305, 379. 1 Starkie's Ev. 315 to 318.

The evidence offered was competent, and, *prima facie*, sufficient. There is very little danger to be apprehended from such testimony, as the opposite party may rebut it, if it is incorrect. Being competent evidence, if uncontradicted, it is sufficient to warrant the verdict of the jury.