Per Curiam.

On the trial of this case, the note and protest of the notary public were introduced as evidence, and annexed to the protested note, and as part of it was a written memorandum of the notary stating the time and manner of giving the notices, which was proved to be in the hand writing of the notary, who was then dead. This evidence was ruled out as inadmissible, to which exception was taken.
The question here presented has been expressly decided by this court, and we are entirely satisfied with our previous determination. The case is not at all distinguishable from the case of Barnard v. The Planters’ Bank, 4 Howard, 98. The admissibility of this testimony does not rest upon the statutory provision in relation to notarial records, but it is a rule of necessity, founded on the principles of the common law. In the analogous case of Nichols v. Webb, 8 Wheaton, 326, the court received the written memo-randa of the notary who made the protest, he being dead. In a case reported in 7 Wendell, 160, the written memorandum of the cashier of a bank, who had been in the habit of giving notices of demand, was received as evidence of notice, the cashier being dead. These authorities settle the admissibility of the evidence offered in this case. It was improperly ruled out, and the judgment must be reversed, and the cause remanded for a new trial.