## SAMUEL HATFIELD *vs.* JOSEPH E. PERRY.

Mode of certifying depositions and referring to papers proved therein.

Book entries when evidence; and for what purpose.

Entries by a notary, are evidence of demand and notice; but the notary must be called, if living.

The mere certificate of a notary, of a protest, is not sufficient evidence.

*It seems*, that a witness whose deposition has been read, may be afterwards called to testify as to matters not embraced in his deposition, though included in the issues.

MAY term, 1847. This was an action on the case to recover the amount of three promissory notes, two dated Newark, July 27, 1842, for $461 39, at five months, and $299 93, at seven months respectively, drawn by Joseph E. Perry, in favor of Samuel Hatfield, or order, payable at the Western Bank of Philadelphia; a note dated October 27, 1842, drawn by the same, payable at the Bank of Chester County, for $200, at sixty days: a balance on account for goods sold and delivered, amounting to $193 61, and a balance of rent for a certain paper mill, of $125.

The pleas were non assumpsit; payment; want of consideration for the notes, and fraud.

The defence set up in relation to the notes was: 1st. That they were without consideration, being accommodation notes, given by Perry to Hatfield, to enable him to raise funds under circumstances of pressure. 2d. That the evidence of presentment and protest of the notes was not sufficient to charge the drawer.

To prove the presentment and protest of the notes, plaintiff offered

certain depositions taken under a commission directed to Samuel L. Clement; and the whole return was objected to: 1st. Because there was no sufficient return by the commissioner of the execution of the commission. 2d. Because the papers referred to in the depositions were not identified by proper marks. 3d. Because all the interrogatories were not answered.

*By the Court.*—The general certificate of the commissioner that the commission is executed as per schedule annexed, is omitted in this case; but 1st. The introduction to the depositions declares, that " By virtue of a commission to me directed, from the Honorable Superior Court of the State of Delaware, in and for New Castle county, I have caused to come before me, Benj. K. Hatfield and Samuel Badger, witnesses on the part and behalf of the plaintiff," who being duly sworn and affirmed respectively, " true answers to make to certain interrogatories to the said commission attached, depose and answer as follows, to wit:" 2d. The depositions are connected with the commission, notes, certificates of protest, &c., so that they could not be detached without mutilation. 3d. As to the identification of papers referred to in depositions, the usual and proper mode is by the statement of the commissioner, on each paper, that this is the paper referred to by such a witness in his answer to such an interrogatory, adding his signature, or initials, with a mark by number or letter; with such identification the paper may be handed to the party to whom it belongs, who may not choose to risk its attachment to the commission, and if produced at the trial these indorsements identify it with the paper mentioned in the depositions. But here the papers referred to are attached and made a part of the depositions; they are marked by letters, and described by such marks and other descriptions in the answers as to leave no doubt of their identity.

As to the objection that the fourth interrogatory is not answered, it appears by the certificate of the commissioner that it could not be answered. The interrogatory directs the witness to look on a certain paper, marked in a certain way, and say if the signature is not in the handwriting of a certain person. The commissioner says the paper was not produced, and he therefore, omits the answer, which could be no other than his own statement. Depositions admitted.

The proof of the presentment and protest of the notes was objected to.

The proof was: 1st. The notes with the notary's certificate of

presentment, demand, refusal, and protest. 2d. The deposition of S. Badger, notary, stating that the notes were presented at the place of payment, by Edward Barton, his clerk. 3d. The deposition of Edward Barton stated, " I have no doubt but I presented the notes at the Western Bank of Philadelphia, for payment, when they severally became due. By referring to the book of protests belonging to Samuel Badger, Esq., to whom I was then a clerk, I find that I have returned that the said notes were not paid on my demand, and that payment was refused at the bank by its officers. The signature signed to each of the certificates marked C. and D., is in the handwriting of Samuel Badger, and the seal is his seal as a notary public. The certificates contain the answer made by the officers of the bank when the said notes were severally presented for payment by me."

*The Court.*—The certificates of presentment, demand, and refusal, would not in themselves be evidence of these facts; but the notary and his clerk have been examined on commission, and the clerk's deposition so refers to, and incorporates, these certificates, as to make it necessary to refer to them as a part of his answers.

The clerk's reference to the notarial book must be admitted also from necessity, as a memorandum made at the time for the purpose of evidence, by a person, and on a subject which make the admission of such evidence necessary, as the memory of a notary in full business could not retain recollection of such matters.

Entries made in books in the course of official duty, or in the course of professional employment, are admissible in evidence in regard to those matters, which it was the duty or the business of the party to do.

Therefore, entries made in the ordinary course of business in the books of a notary public, are admissible to prove a demand of payment from the maker, and notice to the indorser of a promissory note. (*Nichols* vs. *Webb,* 8 *Wheat.* 326 ; *Welch* vs. *Barrett,* 15 *Mass. Rep.* 380 ; *Poole* vs. *Dicas,* 1 *Bing. N. C.* 649 ; *Halliday* vs. *Martinett,* 20 *Johns.* 168 ; *Butler* vs. *Wright,* 2 *Wend.* 369 ; *Hart* vs. *Williams,* 2 *Wend.* 513 ; *Nichols* vs. *Goldsmith,* 7 *Wend.* 160.)

If the notary is living and competent to testify, it is deemed necessary to produce him. (8 *Wheat.* 326.) But if he is called as a witness to the fact, the entry of it is not thereby excluded. It is still an independent and original circumstance to be weighed with others, whether it goes to corroborate or to impeach the testimony of the witness, who made it.

From the above principle, the fair deduction is, that in no case

can the certificate of the protest made by a notary public of a promissory note be admissible. The notary himself must be called, or his books be produced, and not his certificate.

In reply to certain evidence adduced by the defendant under the plea of fraud, plaintiff called one of the witnesses who had been examined on commission. He was objected to because his deposition had been already read in evidence by the plaintiff.

*Mr. Rodney,* insisted that he had a right to examine the witness, not as to matters mentioned in the original examination, as to which his deposition had been taken, but only in reply to the defendant's evidence.

*Mr. Rogers,* replied, that the matter of fraud was raised by the pleadings, and open to examination in chief originally. He said that that a witness whose deposition had been read in a cause, could not be afterwards examined, orally, in the same cause.

The court called for his authority, saying they thought the practice of examining a witness after reading his deposition was open to great objection, but that they should not feel at liberty to reject such a witness without authority.

Testimony admitted subject to future objection, and to be confined strictly in reply.

*Rodney,* for plaintiff.
*Rogers,* for defendant.