The judgment of the court was pronounced by
Slidell, J.
This case being on trial as to Myers and DeLee, the endorsers, plaintiff offered in evidence the note and the protest made on the 10th October, 1842, by L. Saunders, parish judge, in his notarial capacity. These were received without objection. Plaintiff then offered the certificate of notice. The certificate is as follows, and was attached to the protest itself: “ State of Louisiana, parish of East Feliciana. I certify that the endorsers of the note hereto annexed, and a copy of which is hereon written, were notified of the demand and'protestof the same, by written notices directed to Burrell Myers and John L. DeLee, and deposited by me in the postoffice at Clinton, La., this day, October 11, 1842. (Signed) L. Saunders, Parish Judge.”
*241 It was admitted by the defendants that Saunders was dead, and that the signature attached to this instrument, annexed to the protest, was genuine.
To its introduction defendants objected, on the ground that the certificate was inadmissible, it not having the two witnesses required by the statute. The court below sustained this objection, refused to receive the certificate, and plaintiff reserved his bill, attaching to it the document offered and rejected. Plaintiff being thus deprived of the means of showing notice to the endorsers, there was judgment of non-suit against him, and he now prosecutes this appeal.
It is true that, under the statute, the certificate of the notary must be attested by two witnesses, in order to make proof per se. But it has been repeatedly held that the statutes of 1821 and 1827 were not intended to change the commercial law as it stood before their adoption; but to afford in aid of commerce a new, convenient, and permanent means of proof. The legislation was auxiliary, and was not intended to exclude other means, of which the party might choose to avail himself.
Had the notary been living, the plaintiff might have brought him upon the stand, upon objection to the informality of the certificate of notice, and proven by parol the manner in which the notices were given. But if the notary be dead, and the party thus deprived of a personal examination, is he to be left without relief; and is there, to be a total failure of justice, because the notary has neglected his special duty in a matter of form which was necessary to make the certificate authentic evidence ? We think otherwise. Upon proof of Saunders' death, and of his signature to the certificate, the certificate was admissible in evidence under the general rule relative to entries or memoranda, made by third persons since deceased, in the course of a professional duty contemporaneous with the transaction and connected with it.
Thus, where the question was upon the precise day of a person’s birth, the account book of the surgeon who attended his mother upon that occasion, and in which his professional services and fees were charged, was held admissible in evidence. Cited by Greenleaf, Evid. vol. 1, p. 136,
In Poole v. Dicas, 1 Bingham N. C. 649, it was held that an entry of the dishonor of a bill of exchange, made in the usual course of business at the time of the dishonor, in the book of a notary by his clerk who presented the bill, may be given in evidence in an action on the bill, upon proof of the death of the clerk who made the entry. Tindal, C. J. said: We think it admissible, on the ground that it was an entry made at the time of the transaction, and made in the usual course and routine of business, by a person who had no interest to misstate what had occurred, and he cited Doe v. Tenford. There, it was the usual course of practice in an attorney’s office for the clerks to serve notices to quit on tenants, and to endorse on duplicates of such notices the fact and time of service. On one occasion, the attorney himself prepared a notice to quit to serve on a tenant; took it out with him, together with two others prepared at the same time, and returned to his office in the evening, having endorsed on the duplicate of each notice a memorandum of service ont he tenant; two of them were proved to have been delivered by him on that occasion; and it was held on the trial of an ejectment, "after the attorney’s death, that the endorsement so made by him was admissible evidence to prove the service of the third notice.
In Welsh v. Barrett, 15 Mass. 380, the book of the messenger of a bank who was dead, in which, in the course of his duty, he entered memoranda of demands and notices to the promisers and endorsers upon notes left in the bank for collection, was received in evidence of a demand on the maker and notice to the defen *242 dant, as endorsers of a note so left for collection. There seems to be no danger, said Parker, C. J., in submitting to the consideration of the jury what a man has actually done and committed to writing, when under obligation to do the act, it being in the course of the business he has undertaken, and he being dead.
In Butler v. Wright, 2 Wendell, 369, it was held, that the memoranda of a deceased notary of the demand and notice of payment of a promissory note, are prima facia evidence of the fact. See also Halliday v. Martinett, 20 John. 173. So in Nichols v. Goldsmith, 7 Wendell, 161, the memorandum of a deceased cashier of a bank was held primd facia sufficient to charge an endorser with notice.
Now, with what propriety can we reject a rule of evidence so well recognised, and so clearly founded in good sense and public convenience ? Is it because we have the statutes of 1821 and 1827? But those statutes were made to aid the mercantile community, not to deprive them of means of proof already within their reach. No one will say that a bank or a merchant is bound to employ a notary to make demand of a note, or give notice to an endorser.
But, then, it is said the plaintiff chose to employ a notary, and the statute instructed him how he was to record his notice. Certainly he was bound to do so, in order to give his employee the full benefit of his services and make the certificate authentic pi'oof, proof per se. But if he does not do so, is the bank, for example, to be in a worse position than if its cashier or its messenger had been employed ? The very facts that Saunders was a public officer is an additional reason for putting his entry on as good a footing as that of the cashier or messenger. For it was an inducement to employ him, that if he properly discharged his official duty, his certificate would be a permanent authentic document, making evidence per se. And it would be a great hardship, that when the public have been induced by his official character to employ him, they should be made the victims of his negligence to such an extent as that his entries or memoranda should, after his death, be on a worse footing than those of a private individual. If we were so to hold, we should be attributing an undue effect to the statutes, and would occasion great alarm in the mercantile commnnity.
In the case of Davis v. Bourgeat, 3d Ann. 121, cited by the defendant, there was no attempt to prove the handwriting of the notary, &c., as in the case of an entiy or memorandum by one deceased, so that the point now considered was neither presented nor decided. So in NeBlieux v. Bullard, 1 R. R. 67.
In the case of the Gas Light Bank v. Nutall, if the present point was raised at all, it was not, so far as we can judge from the report, elaborated at bar nor by the court. If it was the intention of the court to consider an informal certificate as utterly valueless, we are constrained to say that we cannot adhere to that opinion.
Judgment reversed and cause remanded; costs of appeal to be paid by defendants.