## The Seneca County Bank *vs.* Neass.

A note was payable at the plaintiffs' bank in the town of W., where the defendant, the indorser, received his letters and did his post office business. The defendant resided in an adjoining town, where the notice of protest was sent to him by mail from W. *Held* a sufficient service, the defendant not having specified any other place where the notice was to be left or sent, and it not appearing that the plaintiffs were informed that he received his letters at W.

A certificate of a notary public setting forth the note, the protest thereof, and that

"*due notice*" has been served on the indorser, stating also the manner of service, is *prima facie* sufficient. It need not state the contents of the notice.

Where a note is indorsed for the accommodation of the maker, without restriction as to the purposes to which it is to be applied, the maker may appropriate it to any purpose beneficial to himself; and a party who receives it on account of an antecedent debt due him from the maker is entitled to collect it.

THE president, directors and company of the Seneca County Bank sued George Neass, as the second indorser of a promissory note for $2000, dated July 9, 1842, and payable at the plaintiffs' bank. One of the questions on the trial at the circuit was, whether the notice of protest had been properly directed and sent. The plaintiffs' bank was at Waterloo in Seneca county. The defendant resided in the town of Fayette in the same county, and adjoining Waterloo. There were two post offices in Fayette, but the defendant usually received his letters at Waterloo. The notice in question was served by mail, and was sent to each of the offices in Fayette. It did not appear that the plaintiffs had any knowledge that the defendant did his post office business at Waterloo. It was insisted on behalf of the defendant that he was entitled to personal service of the notice, and that the notices sent by mail to the offices in Fayette were not sufficient to charge him, unless they were shown to have been actually received by him in time. The objection was overruled.

Another question was, whether the notice itself was proved to have been sufficient. The certificate of the notary was read in evidence annexed to the original note, stating that he had protested the same and that "*due notices of the foregoing protest*" were put into the post office at Waterloo, directed to the defendant at the offices in Fayette. It was objected that the certificate was not sufficient, and that the plaintiffs were bound to show the contents of the notice. This objection was also overruled.

It also appeared that the defendant had indorsed the note for the accommodation of the maker but without any restriction as to the purpose to which it should be applied. It was in fact applied by the maker to the payment of another note held by the plaintiffs against him.

The jury, by direction of the court, gave their verdict in the plaintiffs' favor, for the amount of the note and interest. The defendant moved the supreme court on bill of exceptions for a new trial, which was denied, and after judgment he appealed to this court.

*M. T. Reynolds*, for appellant.

*S. Stevens*, for respondents.

PRATT, J.    The counsel for the defendant declined to discuss upon the argument, the question made in the court below, in relation to the alledged diversion of the note by the maker from the purposes contemplated by the parties at the time of making and indorsing it.    The note seems to have been indorsed for the accommodation of Lee, the maker, without any restriction as to the particular purpose to which it should be applied. The maker had a right therefore to appropriate it to any pur pose which he might deem for his own interest, and having appropriated it to the payment of a note held by the plaintiffs against him, the consideration was sufficient to render it valid in their hands.

Neither is there any thing in the point that notice of dishonor was not personally served.    Since the act of 1835 it is sufficient, where the indorser does not specify the post office to which he desires the notice to be sent, to direct it to the town in which he resides.    (*Sess. Laws of* 1835, *p.* 152.)    In the case of *Downer* v. *Kerner*, (21 *Wend.* 10,) it was held that such was the rule at common law.    The fact that the indorser usually received his letters at the post office in Waterloo, should not alter the rule.    Since the act of 1835, the only inquiry incumbent upon the holder to make, is as to the residence of the indorser, and when that is ascertained the notice of protest should be directed accordingly.    Any rule imposing upon the holder a different obligation would be burdensome and materially affect the circulation of commercial paper.    The party is deemed to receive his letters through a post office in the town in which he

resides, and if he desires to receive them elsewhere, he should indicate it by affixing the desired direction to his indorsement. It does not appear that the plaintiffs had any knowledge that the defendant usually received his letters at the office in Waterloo, and there is no rule of law which made it necessary for him to inquire.

The only remaining question relates to the sufficiency of the notice of protest. Only one of the objections made at the circuit in that respect was discussed upon the argument, viz. that the certificate of service of notice did not set out a copy of the notice or show its contents.

That is not required in terms by the act of 1833, nor do I find any adjudication requiring it. (*Sess. Laws*, 1833, *p.* 395, § 8.) Previous to the passage of that act, the memorandum of a deceased notary was often received as evidence of service of notice, but it was not required in such cases that the memorandum should state the contents of the notice. In *Nichols* v. *Goldsmith*, (7 *Wend.* 160,) there was a memorandum on the back of the note in the hand-writing of the notary who was deceased, in these words : " Noticed indorser by mail, July, 1824," and it was held prima facie sufficient. (*See also* 20 *John.* 172 ; 2 *Wend.* 369, 513.)

The act of 1833 provides that where notice has not been received, the indorser against whom a suit is commenced may accompany his plea with an affidavit that no notice has been received, and in that case the certificate ceases to be any evidence whatever, and under no circumstances is it any more than prima facie evidence. The indorser, therefore, has it in his power, in all cases when insufficient notice has been given, to compel the holder to prove demand and notice by common law evidence. I am, therefore, satisfied that the certificate is not required to set out a copy or the whole contents of the notice. No such practice seems to have been required in any case that has come before the courts. (4 *Hill*, 236 ; 7 *id.* 444 ; 2 *id.* 227 ; 19 *Wend.* 383 ; 20 *id.* 192.)

Judgment affirmed.