---

## ANDREWS *v.* VARRELL.

A note signed by a principal and surety may be set off against a note due to such principal alone. So a judgment against two, while it is admitted or proved that one is principal and the other surety, would stand on the same ground as an offset, as a note against the same person in the same capacity.

Where the plaintiff's claim is sued in the name of some nominal party, or where the defendant's claim against the plaintiff is a judgment in the name of some nominal party, but belongs to the defendant and did so at the time of suit brought, the offset may be made, as the demands will be regarded as mutual, if between the same parties in interest, without regard to parties merely nominal.

Where defendant held a note against the plaintiff at date of plaintiff's writ, which, afterwards and during the pendency of plaintiff's suit, passes into judgment, he cannot file either the note or the judgment in offset to plaintiff's claim.

ASSUMPSIT. The writ was dated Feb. 26, 1862, and was immediately sent to the officer, but was not served till May 27, 1862. · It

contains one general count for goods, &c. The specification was a bill of furniture amounting to $88, which it is agreed was due.

The defendant filed a set-off of a certain note, dated March 8, 1855, for $207.69, payable to one C. P. Gilman, or order, in four months from date, with interest after, which note was signed by said Andrews and one Luther Aiken as surety, and was indorsed and delivered to the defendant by said Gilman, for a full consideration before the commencement of this suit. Also, of a certain judgment recovered in the name of Nathaniel Perkins, for and in behalf of the defendant, against the plaintiff, and said Aiken as surety, at the January Term of the Supreme Judicial Court for Hillsborough County, for $247.55 damages; $4.11 costs.

The judgment was rendered March 6, 1862. It was the property of the defendant, and was founded on the note above described.

If the set-off cannot be allowed, then judgment is to be rendered for the plaintiff for the amount of his specification, and interest from the date of his writ; but if the set-off can be allowed, then judgment for the defendant for the excess of the set-off above the specification.

The questions of law arising in this case were reserved and assigned to the Law Term.

*Briggs & Teele*, for plaintiff.

I.   This action is presumed to have been commenced at the *date* of the *writ*, Feb. 26, 1862, and the date of the *service* is immaterial. 21 N. H. 356, and cases cited; *Society* v. *Whitcomb*, 2 N. H. 227; *Robinson* v. *Burleigh*, 5 N. H. 225.

II.   The note described in the set-off, being the foundation of the judgment, became merged in and extinguished by the judgment, and cannot be set off in the action independent of the judgment. *Varney* v. *Brewster*, 14 N. H. 49; *Curley* v. *Dean*, 4 Conn. 259.

III.   A set-off is in the nature of a cross action, and, in order to sustain it, it must appear that a right to such action existed at the date of the plaintiff's suit. The judgment was not recovered until March 6, 1862, so that no right of action existed upon it until after the commencement of this action; hence the claims are not mutual, and the judgment cannot be set off in this suit. *Varney* v. *Brewster*, before cited; *Jefferson Co. Bk.* v. *Chapman*, 19 Johns, 322; *Dickson et al* v. *Evans*, 6 T. R. 57; *Carpenter* v. *Butterfield*, 3 Johns. Cases 145.

*Eastman & Cross*, for defendant.

Before the commencement of this suit the defendant had become the owner of the note offered in set-off, for a full consideration. In point of fact he had been the owner for more than a year; and a payment had been made upon it, as its inspection will show. It is sufficient, however, for the purpose of this decision, that he was the owner *before* the commencement of the suit, as stated in the case. Being the owner, he is entitled to have the same set off and a balance found in his favor,

unless the judgment in the name of Perkins can defeat it.   Had he been aware that the present suit was commenced against him when it was, instead of being kept in ignorance of it till after the judgment was procured, he might have discontinued the suit in the name of Perkins and set off the note in this case.

And we submit that the judgment itself may be set off, as it is a mere change of form and not of substance of an admitted bona fide debt, ascertained and settled and owned by the defendant, at the time the suit was commenced.   The fact that this action is assumpsit, and an action on the judgment would be, in form, debt, does not prevent it. *Concord* v. *Pillsbury*, 33 N. H. 310.   It is clear that the judgment might be set off.   *Hutchins* v. *Riddle*, 12 N. H. 464; *Wright* v. *Cobleigh*, 23 N. H. 32.

But we maintain that the defendant can now set off the note, notwithstanding the fact of the judgment.   The debt was ascertained and embodied in the note, and the note was the ground of the judgment and may be said to be the ground of the suit ( or set-off), in one form. *Burnham & al* v. *Spooner*, 10 N. H. 165; *Downer* v. *Shaw*, 23 N. H. 125.   It is unlike the case of *Varney* v. *Brewster*, cited by plaintiff.   There the foundation of the award was unascertained damages. Besides, a judgment does not change the character of the liability as an award does.

It is common practice to use notes in different judicial proceedings when justice requires it.

It makes no difference that the note was signed by Aiken, he being surety merely.   *Mahurin* v. *Pearson*, 8 N. H. 539; *Boardman* v. *Cushing*, 12 N. H. 119; *Concord* v. *Pillsbury*, 33 N. H. 310. Andrews could have set off his bill in the suit against him and Aiken, and should have done it, instead of commencing this suit and attempting to accumulate a bill of costs for defendant to pay.   *Mahurin* v. *Pearson*; *Boardman* v. *Cushing*.

SARGENT, J.   Although, by our statute, proper matters for set-off are mutual demands only, Rev. Stats. Ch. 187, Sec. 4, which requires that they must be between the same parties and in the same capacity, *Brown* v. *Warren*, 43 N. H. 435, yet it is not considered as conflicting with this rule to offset a note signed by a principal and his surety, against a note running to such principal alone; the debt in such case being considered as the debt of the principal.   *Brown* v. *Warren*, *supra*, and cases cited; *Boardman* v. *Cushing*, 12 N. H. 119; *Concord* v. *Pillsbury*, 33 N. H. 310.

In debt upon bond or judgment, a note or account or other simple contract debt is a proper matter for an offset, *Concord* v. *Pillsbury*; and so, if the parties are reversed, the rule will hold equally good, that a judgment is a good offset to a simple contract debt in an action of assumpsit; so is a defendant's claim founded on a bond or specialty with a penalty, to the amount equitably due, Rev. Stats. Ch. 187, Sec. 6. And a judgment against two, when it was admitted, as in this case, or proved, that one is the principal debtor and the other only a surety,

would stand on the same ground as a note against the same persons in the same capacity.

Nor does the fact that the judgment was recovered in the name of Perkins, prevent its being a proper offset in this case if there was no other objection to it.   It is agreed that Perkins was merely a nominal party, having no interest in the claim, and that the judgment belongs to the defendant.   Where the owner of a promissory note brings a suit upon it in the name of a third person who has no interest in it, the defendant may file his set-off against the real plaintiff if he has such set-off.   He may allege that A. B. is the real plaintiff in interest, and that C. D., the party of record, is merely a nominal plaintiff, and file his set-off against A. B., and if his proof corresponds with this statement, his set-off will be allowed.   So where the judgment to be set off is in the name of a plaintiff having no interest in the claim but belongs to the defendant as in this case, then he may make the set-off.   If the demands are between the same parties and in the same capacity really, if they are the only ones interested as parties, then the demands will be mutual whoever may be the nominal plaintiff in the pending suit or in the judgment sued or filed in offset.

But the note specified in the offset, although it was a valid claim when this writ was dated, was then in suit and has since passed into judgment and is no longer a proper ground of action, but is merged in the judgment, and can no longer be treated as a note, either as the foundation of a suit or as an offset.   To be a proper matter for offset, a claim must not only be due and actionable when the suit was commenced but it must continue so to the time of the trial and verdict; and although this note may have been due when this action was brought, yet if it were afterwards paid and discharged, or merged in a judgment, or, from other causes, ceased to be longer actionable, it would then cease to be a proper matter of set-off.   Where a judgment has been already obtained in a prior action by the plaintiff against the defendant for the *identical* demand, the contract or obligation in respect of which such demand accrued is merged by the superiority of the security thus acquired, *transit in rem judicatam*; and the creditor can no longer sue upon the original promise or demand, though it accrued upon a specialty. If he do so the defendant may plead in bar that the plaintiff has already recovered judgment against him for the same cause of action. Chitty on Contracts, 788 a.   And if the cause of action in two suits be identical, a judgment recovered in one is a defence in the other, although the forms of action were different.   Thus a judgment in debt is a bar to an action of assumpsit for the same debt.   So a judgment in trover is a bar to an action for money had and received, brought for the value of the same goods.   *Ibid.*; *Butler* v. *Wright*, 2 Wend. 369, S. C. 6 Wend. 284; 1 Chitty Pl. 103, and 478; *Stafford* v. *Clark*, 2 Bing. 377; *Pitt* v. *Knight*, 1 Saund. 92, and note 2; *Outram* v. *Morewood*, 3 East 346; *Towns* v. *Nims*, 5 N. H. 259; *King* v. *Chase*, 15 N. H. 9; *Potter* v. *Baker*, 19 N. H. 166.   The note, therefore, cannot properly be filed in offset in this case.

Neither can the judgment be here offset, because it was recovered

since this suit was commenced.   No action could have been maintained upon it when this suit was commenced, because it had then no existence ; and although the claim on which the judgment was recovered, existed before, yet the judgment, so far as the costs are concerned, had not then accrued, and the judgment being entire, cannot be divided and a part filed in offset and the other left out.

When this suit was brought, the defendant should have discontinued his action upon the note and then filed the note in offset ; but, as the case stands, we see no way for him to avail himself of it, only by applying to the court for a set-off of judgments at the proper time.    *Wright* v. *Cobleigh*, 23 N. H. 32, and cases cited ; *Brown* v. *Warren*, *supra*.

<div align="right">

*Judgment for plaintiff.*