THE OCEAN NATIONAL BANK OF THE CITY OF NEW YORK, APPELLANT, *v.* SELAH C. CARLL, RESPONDENT.

*Entries in books, and memoranda — made in the usual course of business — when admissible in evidence.*

Entries and memoranda made in the usual course of business by notaries, clerks and other persons may be received in evidence after the death of the person making the same. In an action by a bank upon a promissory note, the discount book used by it at the time of the alleged discount was produced, and it was proved that the entries therein relating to the discount of the note were in the handwriting of the discount clerk, whose business it was to make such entries, and that he was then dead. *Held,* that the entries should be received in evidence.

*Ocean Bank* v. *Carll* (55 N. Y., 420) distinguished.

APPEAL from a judgment in favor of the defendant, entered on a verdict directed by the court.

*Dunning, Edsall & Hart,* for the appellant.

*Nelson Smith,* for the respondent.

DAVIS, P. J.:

This action is brought upon a promissory note in the words and figures following:

" $200.                    BROOKLYN, *July* 31, 1869.

" Sixty days after date I promise to pay to the order of Francis H. Holmes two hundred dollars at the Ocean National Bank, New York, value received.

"S. C. CARLL."

The complaint alleged the making of the note, and that before its maturity it was duly indorsed to the plaintiff. The answer did not deny the making of the note, but alleged that it was delivered to the payee, without any consideration, as an accommodation note, and that the same was diverted from the purpose for which it was made; that the plaintiff had notice of the true character and history of the note before it took or discounted the same; that it was received by the plaintiff on account of an old debt, without any new advance, and at a rate of discount greater than the rate of seven per cent on the dollar for one year. At the trial, the plaintiff proved its incorporation, and produced and put in evidence the note after proving its amount with interest, and rested.

The defendant testified that the note in suit was given to Holmes, the payee, in exchange for his note for a like sum, but that Holmes was not to use the note in suit unless the defendant could use his note; that defendant could not use Holmes' note, and afterwards returned it to him on his promising to redeliver the note in suit, which he did not do; and that he never received any consideration for the note in suit.

This evidence called upon the plaintiff to prove that it was a *bona fide* holder of the note of the plaintiff for value paid. (*Ocean Nat. Bank* v. *Carll*, 55 N. Y., 440; *Farmers and Citizens' Nat. Bank* v. *Noxon and another*, 45 id., 762.) To establish these facts, plaintiff produced a discount register of the bank used at the time of the alleged discounting of the note in suit, which contained entries tending to show that the note was discounted by the bank on the 31st day of July, 1869; and proved that at that time one H. S. Murray was discount clerk of the bank; that he was deceased; that it was his business to make the entries, and, in short, that they were made in the usual course of business, and were in the handwriting of the deceased clerk. The entries were then offered in evidence. The court refused to admit them until it should be shown that the entries were correct. The plaintiff duly excepted. It was then shown by a witness who was, at the time of the alleged discount, the cashier of the bank, and afterwards its president, in substance, that at that time, when a note was discounted, the only persons who had any thing to do with it were the president and the discount clerk, and all the president would do would be to

mark it with the letter " A ; " that the discount clerk then would enter it upon the discount register, and either give credit, or deliver a check for the amount. It was proved that the note in suit was marked with the letter "A" by the president of the bank, and that that was the evidence upon which the discount clerk acted in making the discount entries.

The possession of the note by the bank before its maturity was also proved. That fact, however, must be regarded as admitted by the pleadings. The plaintiffs again offered the entries in the discount book in evidence, and they were rejected by the court. There is nothing in the decision in this case when before the Court of Appeals, as reported in 55 New York, 440, to justify the rejection of the entries. At that time, as is stated in the opinion of the Court of Appeals, it appeared that Murray, the clerk, was alive, and within the State, and it was held that the entries made by him could only be proved by the clerk making them, as it appeared he was alive and within the State. The case is now entirely changed by proof of the fact of the death of the clerk, at the time of the last trial. " The rule is," says BRONSON, J., in *Brewster* v. *Doane* (2 Hill, 537), "that entries and memoranda made in the usual course of business by notaries, clerks and other persons may be received in evidence after the death of the person who made them. (*Halliday* v. *Martinet* 20 Johns., 168; *Butler* v. *Wright*, 2 Wend., 369; *Hart* v. *Wilson*, id., 513; *Nichols* v. *Goldsmith*, 7 id., 160; Cowen and Hill's Notes to Phil. Ev., 674, 676.) And in *Sheldon* v. *Benham* (4 Hill, 129, 131), where the entries made by the teller of a bank were offered in evidence, the same learned justice says : " It is enough that he acted on this occasion in the usual course of his employment, and being dead, the entries which he made at the time were properly received in evidence. The rule for admitting them is not confined to entries made by public officers." (*Welsh* v. *Barrett*, 15 Mass., 380.) Where there is any reason for doubt, it is for the jury to say how much the entries prove. This rule is very distinctly recognized by the Court of Appeals in the decision of the case above cited.

It was, therefore, we think, clearly error for the court below to reject the entries. There were, we think, several other errors in the progress of the trial, in the exclusion and striking out of evi-

dence, and in the refusal of the court to submit the case upon any of the questions to the jury; but it is not necessary to consider them in detail.

The judgment must be reversed and a new trial granted, with costs to abide event.

Daniels, J., concurred; Brady, J., concurred in the result.

Judgment reversed; new trial ordered; costs to abide event.