### SEXTON v. PERRIGO.

ACTION ON NOTE—CERTIFICATE OF NOTARY—EVIDENCE.

*Section 2635, 1 Comp. Laws 1897, providing that the certificate of a notary public of official acts done by him shall not be evidence of notice of nonpayment or nonacceptance in any case in which a defendant shall annex to his plea an affidavit denying the fact of having received such notice, excludes the admission of such certificate as secondary evidence when the notary is dead.

Error to Allegan; Padgham, J. Submitted March 6, 1901. Decided May 7, 1901.

*Assumpsit* by Pliny T. Sexton against Luther Perrigo and Charles Perrigo, impleaded with Charles P. Moody, upon a promissory note. From a judgment for defendants, plaintiff brings error. Affirmed.

The defendants Perrigo were sued as accommodation indorsers upon a promissory note owned by the plaintiff. The court made the following finding of facts:

"1. The action is *assumpsit* against indorsers of a promissory note. Copy of note is set up in declaration. Plea of general issue, with affidavit annexed to plea denying the fact of having received notice of nonpayment.

"2. In December, 1892, the following note was executed and delivered:

---

*Head-note by GRANT, J.

" ' $1,000.00.                  PALMYRA, N. Y., Dec. 28, 1892.

" ' One month after date we promise to pay to the order of L. Perrigo and Charles Perrigo one thousand dollars in United States gold coin of present lawful standard, weight, and fineness, at the First National Bank of Palmyra, N. Y.   Value received.

[Signed]   " ' J. B. HARDEN.<br>" ' M. B. SWEETING.'

" Indorsed:  ' L. PERRIGO.
   " ' C. PERRIGO.
   " ' CHAS. P. MOODY.'

" 3. Harden & Sweeting obtained the loan from the bank, and L. Perrigo and Charles Perrigo and Charles P. Moody were accommodation indorsers.

" 4. The note was presented at the bank, and payment demanded of the cashier, on the last day of grace, viz., January 31, 1893.   Payment refused, and the note protested for nonpayment on that day by Stephen P. Seymour, a notary public for Wayne county, N. Y.

" 5. Before the note became due, it was transferred to the plaintiff, and was his individual property at the time it became due and at the commencement of this suit.

" 6. Notary attached his certificate of protest January 31, 1893.   Notary died April 24, 1897.   Certificate of protest offered in evidence with note.   Nothing has ever been paid on the note.

" 7. There was no evidence of the service of the notice of protest on either L. Perrigo or Charles Perrigo at any time before suit.

" 8. There was evidence on the part of the defendants that they never received any notice of protest of any kind at any time; that they had resided in Allegan, Mich., prior to and ever since the 28th day of December, 1892.

" 9. On the 31st day of January, 1893, the said notary, Stephen P. Seymour, made and attached to the note in question a certificate of protest, certifying, among other things, that on the 31st day of January, 1893, he mailed notices of such protest, duly signed by him ( partly printed and partly written ), to the several indorsers by depositing notices in the post-office at Palmyra, N. Y., postage paid, directed as follows: One for Luther Perrigo, directed to him at Allegan, Mich.; and one for Charles Perrigo, directed to him at Allegan, Mich.   This appeared from the certificate of protest offered in evidence.   And the written portions of the certificate of protest, including the statement of mailing the notices of protest to the indorsers,

are in the handwriting of the said Stephen P. Seymour, and the signature thereto is genuine.

"10. I do further find that the certificate of protest, including the statement of mailing the notices of protest to the indorsers, had a notarial seal impressed thereon, and that the same was the notarial seal of said Stephen P. Seymour."

Upon the foregoing findings of fact the court entered a judgment for the defendants.

*Wilkes & Hoffman*, for appellant.

*Pope & Cross*, for appellees.

GRANT, J. The principal question is this: Was the court in error in holding that there was no evidence on the part of the plaintiff of the service of the notice of protest on the defendants Perrigo ? The statute upon this subject is as follows:

"In all the courts of this State, the certificate of a notary public, under his hand and seal of office, of official acts done by him as such notary, shall be received as presumptive evidence of the facts contained in such certificate; but such certificate shall not be evidence of notice of nonacceptance or nonpayment in any case in which a defendant shall annex to his plea an affidavit denying the fact of having received such notice." Section 2635, 1 Comp. Laws 1897.

The learned counsel for plaintiff contend for the admissibility of the notary's certificate as secondary evidence of the service of notice of protest upon the defendants, although admitting that it is not presumptive evidence under the statute, because of the affidavits of defendants denying the receipt of notice. They invoke the rule, as stated by Daniel, " that entries and *memoranda* made in the usual course of business by notaries, clerks, and other persons may be received in evidence after the death of the persons who made them." 2 Daniel, Neg. Inst. § 1057. They also cite 4 Am. & Eng. Enc. Law ( 2d Ed.), 394; 1 Greenl. Ev. § 116; Abb. Tr. Ev. 429; *Nicholls* v. *Webb*

8 Wheat. 329; *Dobson* v. *Laval,* 4 McCord, 57; *Barnard* v. *Bank,* 4 How. (Miss.) 98.

These authorities state the common-law rule, and in *Nicholls* v. *Webb* the reasons for the rule are forcibly and concisely stated. The rule stated in these authorities is not disputed. The question is, Do they control in this case? Or, in other words, is the certificate admissible as secondary evidence of the facts essential to fasten liability upon indorsers? None of the cases cited involve a statute similar to that of this State. In *Barnard* v. *Bank,* 4 How. (Miss.) 98, the law of Mississippi provided that, when a notary public should protest any bill or note, he should make and certify on oath a full and true record of what had been done thereon by him in relation thereto. The certificate in that case was not made on oath. The notary had died, and the question arose whether the record was evidence under the common law. The court said:

"The record of the notary is thus admissible where his personal attendance cannot be procured, or when the parties in the suit think proper to dispense with it. It is only conclusive evidence in the absence of the officer. The difference of the rule thus created by the statute from that of the common law is that the record is conclusive evidence in the lifetime of the notary under the statute, whereas it is only evidence after his death by the common law."

The record was held admissible, notwithstanding it was not under oath. The statute in that case contained no provision like the concluding sentence of the statute of Michigan.

In *Dobson* v. *Laval,* 4 McCord, 57, the question arose upon a statute expressly making the protests of notaries, who are dead, evidence. None of the other cases cited appear to involve the construction of any statute.

Our statute is adopted verbatim from that of New York. It is significant that a subsequent statute was adopted in New York, providing:

" In case of the death or insanity of a notary public of the State, or of his absence or removal, so that his personal attendance or his testimony cannot be procured in any mode prescribed by law, his original protest, under his hand and official seal, the genuineness thereof being first duly proved, is presumptive evidence of a demand of acceptance or of payment therein stated; and a note or memorandum personally made or signed by him at the foot of a protest, or in a regular register of official acts kept by him, is presumptive evidence that a notice of non-acceptance or nonpayment was sent or delivered at the time and in the manner stated in the note or memorandum." Section 924, N. Y. Code Civ. Proc. 1877.

It is a reasonable inference that the legislature of New York did not consider that the first statute would permit the introduction in evidence of the certificate as secondary evidence in case of the death of the notary. No case is cited in the New York Reports decisive of this question, or in which it was directly raised, nor have we been able to find one. The language of the court in *Seneca County Bank* v. *Neass*, 3 N. Y. 442, is significant:

" The only remaining question relates to the sufficiency of the notice of protest. Only one of the objections made at the circuit in that respect was discussed upon the argument, viz., that the certificate of service of notice did not set out a copy of the notice or show its contents. That is not required in terms by the act of 1833, nor do I find any adjudication requiring it. Laws N. Y. 1833, p. 395, § 8. Previous to the passage of that act, the memorandum of a deceased notary was often received as evidence of service of notice, but it was not required in such cases that the memorandum should state the contents of the notice. In *Nichols* v. *Goldsmith*, 7 Wend. 160, there was a memorandum on the back of the note in the handwriting of the notary, who was deceased, in these words, 'Noticed indorser by mail, July, 1824,' and it was held *prima facie* sufficient. See, also, *Halliday* v. *Martinet*, 20 Johns. 172 (11 Am. Dec. 262); *Butler* v. *Wright*, 2 Wend. 369; *Hart* v. *Wilson*, Id. 513.

" The act of 1833 provides that, where notice has not been received, the indorser against whom a suit is commenced may accompany his plea with an affidavit that no notice has been received, and in that case the certificate

ceases to be any evidence whatever; and under no circumstances is it any more than *prima facie* evidence. The indorser, therefore, has it in his power, in all cases when insufficient notice has been given, to compel the holder to prove demand and notice by common-law evidence."

Although this statute has been in force in this State for nearly 60 years, this is the first time the question has been raised in this court. We think it would be judicial legislation to hold that this statute was limited to cases where the notary was living. The language of the statute clearly includes every case where the certificate of the notary is relied upon as evidence of notice.

It follows that the holding of the court below was correct, and the judgment is affirmed.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. LONG, J., did not sit.