ROGERS *vs.* JACKSON.

The certificate of a notary of the service of notice of presentment and pro-test, is defective unless it specify the post-office, nearest to the reputed place of residence of the party to whom the notice is given; it is not enough that it is stated that the notice was put into the post-office at the place of presentment of the note, directed to the party at a particular place, the reputed place of his residence.

PROMISSORY note and *notary's certificate* of demand and notice. This was a motion to set aside a report of referees. The action was assumpsit against the defendant as the second endorser of a promissory note, dated at " Paterson Landing," and payable " at the bank of New-York." The *making* and *endorsement* of the note was proved by parol evidence, and the plaintiff then introduced a *notary's certificate**
stating a demand and protest for non-payment, and then proceeding as follows : " and I did on the same day, put into the post-office in the city of New-York, a notice of the said protest, directed to James and John P. Jackson, (en-dorsers of the said note,) at Paterson Landing, New-Jersey, the *reputed place of residence* of the said James and John P. Jackson." After further evidence relating to other matters, the cause was summed up to the referees by the counsel on both sides. In *such summing up* the counsel for the defendant objected and contended that the certificate of the notary was defective in omitting to state " *the post-office*

* The statute on this subject is as follows; " In all actions at law the cer-tificate of a notary, under his hand and seal of office, of the presentment by him of any promissory note or bill of exchange for acceptance or payment, and of any protest of such bill or note for non-acceptance or non-payment and of the service of notice thereof or any or all of the parties to such bill of exchange or promissory note, and specifying the mode of giving such notice, and the reputed place of residence of the party to whom the same was given, and the post-office nearest thereto, shall be presumptive evidence of the facts contained in such certificate ; but this section shall not apply to any case in which the defendant shall annex to his plea an affidavit denying the fact of having received notice of non-acceptance or of non-payment of such note or bill." Statutes, sess. of 1833, p. 395, § 8.

nearest to the reputed place of residence of the defendant," and that therefore the defendant was entitled to a *report* in his favor. The referees, notwithstanding such objection, reported in favor of the plaintiff, and a motion was now made to set aside the report.

*D. Graham, jun.*, for the defendant, insisted that the statute allowing the *notary's certificate* as evidence, being an innovation upon the common law rules of evidence, its requirements should have been strictly complied with, and such was the uniform course of decisions. In support of this proposition he cited, 20 Johns. R. 361, 2 Wendell, 555, 7 id. 364, and 5 id. 136.

*J. L. Wendell*, for the plaintiff, insisted, that the object of the statute was not to establish a new rule of evidence, but merely a new mode of proving the notice, as was held in 7 Louisiana R. 7, and 8 id. 170, in adjudications upon a similar statute. There was no defect in the certificate : it showed the *demand*, the *protest*, the *mode of giving the notice*, and the *reputed place of residence* of the defendant. These facts were all that were necessary at *common law* to entitle the plaintiff to recover. That it is not necessary that all the circumstances mentioned in the statute should in all cases be stated in the certificate is manifest from the consideration, that if the notice had been *personally* served upon the defendant, it could not have been pretended that the certificate would have been defective for not stating the *reputed place of residence* of the defendant, and *the post-office nearest thereto*. Besides, the defendant was too late in his objection. The note had been received and read in evidence, 14 Wendell, 243, and other evidence was given before the objection was raised.

*By the Court*, Cowen, J. The certificate is clearly defective, nor is it aided by the statute of April 23d, 1835, p. 152, § 1, dispensing with the necessity of sending and certifying notice to any particular post-office, unless the endorser direct where. That statute was passed long after this

notice was served; and, besides, the statute expressly ex-
cepts notes dated anterior to its passage. The note in this
case bears date in 1832.

The only question, therefore, is, whether the objection was
taken in season. I think it was. Had the objection been
preliminary, in other words, addressed to the competency of
the certificate, as upon some points of form in its execution,
the objection should have been to the reading of it; but not
so where the certificate itself is insufficient to make out due
notice. It comes in place of the notary's personal oath or
deposition. If he were on the stand, but incompetent, as
through interest, you must object before summing up; but
if, being sworn, he fails to prove notice, that is the very place
to object. So if his deposition be presented, but informal-
ly taken, you must point out the defect, or the court may,
after the testimony is closed, disregard the objection. But
if the deposition come short, either by itself, or in connec-
tion with the other proof in the case, of establishing notice,
you go to the jury. It is true that, in either case, you may
raise the objection by motion for a non-suit, or to stop the
cause, if before referees; but you are not bound to this
course. You may insist on the defect by way of summing
up after all the testimony shall have been given on both
sides.

Nothing is clearer, than that where proofs by certificate
and the like, are by statute substituted for common law evi-
dence, all the forms directed by the statute, whether prelimi-
nary or substantial, must be strictly complied with.

Motion granted.