Fassin *v.* Hubbard. ·

[First Department, General Term, at New York, January 1, 1872. *Ingraham*, P. J., and *Cardozo,* Justice.]

---

FASSIN and others *vs.* HUBBARD, impleaded, &c.

Notaries public in New Orleans being, by statute, authorized to appoint one or more deputies to assist them in making protests and delivering notices; and being required to keep a book containing a record of protests made by them, with mention of the notices they shall have given to the drawers, together with the names of the drawers, or indorsers, the dates of the notices, and the manner in which they were served, &c.; upon proof that a promissory note payable in New Orleans was presented, at maturity, by a deputy notary; that such deputy has since died; and that a memorandum of the demand and protest, and of the manner in which, and the person upon whom, notice was served, made in the record of protests, kept by such notary, is an original entry, made by and in the handwriting of the deputy notary; and such memorandum, or record, of the deputy is competent evidence to prove the demand and protest and notice thereof, under the act of 1865, (*chap.* 309.)

THE action was brought, in form, against the defendants, James S. Brander and Charles D. Hubbard, alleged to compose the firm of Brander & Hubbard, at New Orleans, as indorsers of a promissory note. Brander was not served with process, Hubbard alone was served, and defended. The note in question was made by the firm of Martin & Gilmore, at New Orleans, dated January 4, 1861, payable January 1, 1862, to the order of John H. Martin, for $5000, with interest at 8 per cent. The defendants'

Fassin *v.* Hubbard.

firm, of Brander & Hubbard, was dissolved in July, 1860. The note in question was indorsed after such dissolution, as follows: "Brander & Hubbard, old firm in liquidation." The note was not transferred to the plaintiffs until long after it became due, viz., in the latter part of 1866. It was then transferred by an indorsement of the firm of Dupasseur & Co., on account of a prior indebtedness of that firm to the plaintiff. There was no evidence in the case showing how Dupasseur & Co. came in possession of the note, or as to any consideration for the indorsement by the firm of "Brander & Hubbard in liquidation." On the testimony, at the trial, the court directed a verdict for the plaintiff; and from the judgment entered thereon, the defendant Hubbard appealed.

*Marsh & Wallis,* for the appellant.

I. There was no legal evidence that the note was presented for payment, or that notice of non-payment was given to the defendant. 1. As to presentment and demand. This was attempted to be established by certain testimony taken on commission in New Orleans, and the certificate of a notary public. All such testimony was objected to on the trial, and admitted over the defendant's objection and exception. The testimony on this question was entirely hearsay, and the certificate of the notary was no evidence in our courts. Guyol, the notary, only swears that he caused the note to be presented by his deputy, and the certificate of protest states the note was presented "by my deputy." This is no evidence of presentment and demand. (*Hunt* v. *Maybee*, 7 *N. Y.* 266. *Warnick* v. *Crane*, 4 *Denio*, 460. *Onondaga Co. Bank* v. *Bates*, 3 *Hill*, 53.) The law of Louisiana, read in evidence, does not aid the plaintiffs' case, for that only establishes a rule of evidence in the courts of Louisiana, and does not apply to the courts of this State. (*Kirtland* v. *Wanzer*, 2 *Duer*, 278.) 2. As to notice of non-payment. It is proved by the

plaintiffs, and admitted as a fact in this case, that the firm of Brander & Hubbard, made defendants in this action, was dissolved in July, 1860. The note in question was not only indorsed, but was made after the dissolution of that firm, and was indorsed "Brander & Hubbard, old firm in liquidation." The defendants' firm of Brander & Hubbard was succeeded by a new firm composed of different parties, and of an entirely different character. The testimony, as to service of notice of non-payment, was all objected to on the trial, and admitted over the defendants' objection and exception; but even if properly admitted, it does not establish service of such notice. (*a.*) No one testifies to having delivered the notice. Both Guyol and Camus swear that it was done by some one else, viz., Latham. Neither of them were present, or witnessed the delivery of the notice, and they do not testify to any sources of knowledge, or information on that subject. (*b.*) It is not pretended that the notice of non-payment was delivered to the defendants; but, if delivered at all, it was delivered to one G. Burke, described as "agent of the liquidation." There is no evidence that this "G. Burke" was agent of the defendants for any purpose whatever—much less that he was agent for the purpose of receiving notice of protest, or non-payment of notes. It does not in any way appear, nor is it to be inferred, that he was agent to receive notice of protest. (*c.*) The certificate of the notary is no evidence of anything in our courts. It is made evidence in Louisiana, but is limited in effect as evidence to the courts of that State. The statutes of Louisiana can regulate the manner of protesting notes and giving notices, but the mode of proof of the act done is regulated by the law of the State where it is offered. Louisiana cannot establish a rule of evidence for New York. (*Kirtland* v. *Wanzer*, 2 *Duer*, 278.) (*d.*) Our statute of 1833, making a notary's certificate evidence in certain cases, has no application to notes payable out of this

State. (*Dutchess Co. Bank* v. *Ibbotson*, 5 *Denio*, 110. *Bank of Rochester* v. *Gray*, 2 *Hill*, 227. *Kirtland* v. *Wanzer*, 2 *Duer*, 278.)

II. There was no liability imposed on either of the defendants by the indorsement "Brander & Hubbard, old firm in liquidation." At the time of the making and indorsement of the note there was no such firm existing. And the presumption is, that the note was indorsed for the purpose of transferring the title, and not of incurring liability.

*Henry E. Howland*, for the respondents.

*By the Court*, CARDOZO, J. This is a plain case. The act of 1865, (*Sess. Laws of 1865, ch.* 309, *p.* 516,) provides that any bill of exchange, &c., which, by its terms, is payable in any State other than this, may be presented and protested, and notice thereof given according to the laws of the State where it is payable. It is proven, in this case, that notaries public, in New Orleans, are, by statute, authorized to appoint one or more deputies to assist them in making protests and delivering notices, and that notaries are required to keep a book containing a record of protests made by them, with mention of the notices which they shall have given to the drawers, or indorsers, together with the names of the drawers, or indorsers, the dates of the notices, and the manner in which they were served, &c.

The proof in this case is, that the note was presented by W. G. Latham, who was a deputy appointed by Mr. Guyol, a notary. It is also shown that Latham is dead, and that the record of the demand and protest, and of the manner in which, and the persons upon whom, notice was served is an original entry made by, and in the handwriting of Latham, acting as such deputy. The memorandum, or record of Latham, was competent evidence. (*Gawtry* v. *Doane*, 48 *Barb.* 148.)

There was proof that Burke was the agent of the firm of Brander & Hubbard, and service upon him was sufficient.

The judgment should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.]