### SUPERVISORS OF KINGS V. WALTER.

*Statutes of limitation — one year statute does not apply to fraudulent acts of sheriff.*

The one year statute of limitation *held* not to apply to an action by the supervisors of a county against the sheriff to recover moneys paid on fraudulent vouchers for the board of fictitious prisoners in the county jail.

APPEAL by defendant from an order at special term sustaining a demurrer to the answer.

The action was brought by the board of supervisors of the county of Kings against Anthony Walter. The complaint alleged that defendant was at certain times sheriff of said county and had the

custody of the persons committed to the county jail; that he was entitled to a certain fee for receiving and discharging prisoners, and that it was the duty of the board of supervisors to audit the accounts of defendant for the board of such prisoners; that defendant presented certain false accounts and vouchers for the board of persons who were never committed to or confined in the jail; that the board of supervisors, relying on the truth of the accounts and vouchers, audited and caused the same to be paid, etc. The answer admitted that defendant was sheriff, and that he presented to the board of supervisors his accounts against the county for the board of persons committed to and confined in the county jail during the times mentioned, and that such accounts were audited and paid, and denied each and every other allegation in the complaint; and further alleged, that the cause of action did not accrue within a year.

The plaintiff demurred to the answer, on the ground of insufficiency in not stating facts sufficient to constitute a defense.

*Clement & Crooke,* for appellant.

*Winchester Britton,* for respondent.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

BARNARD, P. J. I do not think that the liability sought to be enforced in this action is the result of an act done by the defendant, as sheriff, in his official capacity, and by virtue of his office. The defendant was sheriff, and as such had the official duty to board the prisoners in the jail, but the allegation is that the defendant, by means of a sworn bill and false vouchers, procured payment for boarding fictitious prisoners, "persons who were never committed to, received at, or confined in, boarded at, or discharged from said jail." It is a fraud of the gravest description, and one which procured a large sum of money, $24,122.25, from the public treasury.

The short statute of limitation (one year) for acts honestly done by sheriffs, by virtue of their office, could not have been intended to cover up such a case.

The order should be affirmed, with costs.

TAPPEN, J., dissenting. The defendant, while sheriff of Kings county, having the custody and being the keeper of the common

jail, presented, from time to time, his accounts for the board of persons confined therein, including his fees for receiving and discharging such persons, to the supervisors, who audited such accounts, and the defendant was paid the amounts thereof.

It is now claimed by the plaintiffs that such accounts were fraudulently overstated by the defendant, and that a large sum was charged for persons who never were so committed, boarded or discharged, and this action is brought to recover back the amount of such overcharges, on the ground that the defendant's accounts were fraudulent.

The defendant's answer admits the auditing of his accounts, and that he was paid the amounts thereof, and denies the other allegations. He further alleges that the cause of action did not accrue within one year before the commencement of the action. To this latter defense the plaintiffs demurred, and had judgment in their favor at the special term, and the defendant brings this appeal therefrom.

By chapter 733 of the Laws of 1871, section 2, it is provided that "no action shall be brought against any sheriff upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, unless commenced in one year from the time the cause of action shall have accrued." It will be observed that this was an official account of the defendant as sheriff against the county. The duties of sheriff are largely performed by deputy and by the assistance of others, and this is particularly the case in a large and populous county. His liability for any fraudulent charges against the county would be good ground of an action against him during any period of time not barred by statute; but the intent and purpose of the statute, limiting the time for bringing suit to one year, was to enable both the sheriff and the sureties on his official bond to determine their liabilities within that time. *Cummings* v. *Brown*, 43 N. Y. 514; 19 Wend. 283.

This action is brought after the time so limited. It being the sheriff's duty to receive and discharge from, and to maintain at the jail all persons committed thereto, the accounts which are now questioned were for services arising out of his official duty.

I am of opinion that the defendant, in presenting his accounts and vouchers to the plaintiffs, and in having them audited, did so as sheriff and not as a private individual, or under color of office, and hence, that the statutory prohibition applies to this action.

In *Roe* v. *Sherwood*, 6 Johns. 107, a justice of the peace being sued for malicious prosecution, it was held that he was sued for an act done by virtue of his office.

To prevent the statutory bar from being held applicable, it will be necessary, also, to hold that the defendant's accounts, so far as they are correct, were presented by virtue of his office, and so far as they were excessive, that they were not by virtue of his office. I do not think the distinction can be maintained.

The statute of limitations is a statute of repose, and in the case of public officers, effect is to be given to it for such purpose.

The judgment of the special term, sustaining plaintiffs' demurrer, should be reversed.

*Order affirmed.*