By the Court.—Monell, Ch. J.
The admissibility of the notarial certificate as evidence, depends upon the construction of the act of 1865 (Laws of 1865, ch. 309), concerning proof of the protest of notes, which are payable out of this state.
That act provides that presentment pf such notes, and notice of protest may be made, “ according to the laws of such other state, &c. And in any action in any of the courts of this state . . . such proof of such presentment . . . and notice thereof, may be made, as is authorized and required by such laws. And on such proof being made, the . . . note shall be deemed to have been duly and sufficiently presented and protested, and notice of all thereof duly given.”
The construction and application of this statute would be very plain, if there were no other statutes to be considered.
*195 By an act passed in 1833 (Laws of 1833, ch. 271, ;§ 8), the certificate of a notary of this state is made -presumptive evidence of the service of notice of protest, but the act has no application where the defendant •annexes to his answer (plea) an affidavit, denying the fact of having received notice, as was done in this case. -Under the act referred to, the certificate of the notary must specify the mode of giving the notice, and the reputed place of residence of the party to whom it was given, and the post office nearest thereto. This was .slightly modified by the act of 1835, Laws of 1835 152, ch. 141.) As to the acts required to be done by .the notary, the certificate is made presumptive evidence.
In respect to the specification of the facts or acts of the notary, the statute of Pennsylvania differs from ours. Their statute provides that the official acts, protests, and attestations of notaries public, certified .according to law under their hands and seals, may be received and read in evidence as proof of the facts therein stated. There is nothing in that statute, which, like ours, prescribes the manner of serving notice; nor was any other statute, fixing the mode, proved on the trial; and it is understood there is no such statute.
That, however, does not affect the question of the application of the act of 1865, • which, apparently, makes any certificate under the hand and seal of a notary, evidence of the facts certified.
There is no repealing clause of the previous statute, but there is enough in the act of 1865, I think, to work a repeal by implication of so much of such previous statute as limits the certificate as presumptive evidence, to cases where the defendant fails to annex an affidavit to his answer. The policy of a rule of proving notice of the protest of foreign bills and notes, different from that which is required in respect to domestic paper, is a matter for the legislature, and not for the courts.
*196 The act is certainly broad enough to admit as evidence a notarial certificate, notwithstanding the defendant has put himself on the record, so as to have made the certificate inadmissible if the note had been protested in this state.
Thecompetency of this kind of evidence was decided in the supreme court of this department, in Fassin v. Hubbard (61 Barb. 548), but it does not appear in that case, that the defendant had annexed an affidavit to his answer, and no question, therefore, was presented of the effect of the acts of 1833 and T835, upon the act of 1865.
But the latter act contains no exception. The certificate of a foreign notary is made evidence in all cases, and it is not, by anything contained in the act, limited to cases where the defendant has omitted to make the affidavit.
I am, therefore, of the opinion that the certificate was competent evidence, and the objection to its admission was properly overruled.
But the objection to its sufficiency remains.
The act of 1865 provides, that notes made payable in any state other than this state, may be presented for payment, and protested for refusal to pay, and notice of such presentment, and refusal may be made according to the laws of such other state. And in an action in the courts of this state upon such note, such proof of presentment, &c., may be made as is authorized and re quired by such laws.
The statute of Pennsylvania makes the official certificate of a notary public evidence, and meets or covers that part of the act of 1865, in respect to the proof authorized and required by such laws,” but does not provide, nor was any other statute or law given in evidence, which provides or shows that the presentment, refusal to pay, and notice thereof was made “ according to the laws ” of that state.
*197 The certificate is made evidence ‘ ‘ of the facts therein stated,” and of nothing more. And as it does not show that the presentment and notice was made and given in accordance with the laws of the state of Pennsylvania, it can not be made available, as evidence of giving notice to the endorser.
To make the certificate evidence at all, under our act it is incumbent on the plaintiff to show that the presentment and notice of protest was made in accordance with the law of the State where the presentment is made and notice given.
In that respect there was a failure of proof. The certificate was deficient in not stating the facts, showing that the protest and notice was made in the manner provided by law, and the plaintiff offered no other evidence that it was so done.
In the case of Fassin v. Hubbard (supra), it was proved that notaries public in Louisiana were required, by statute, to keep a record of the protests made by,them, together with mention of the notices given by them, and the manner in which they were served.
It can not be successñilly contended, I think, that after reciting the presentment of the notes, and the refusal to pay, it is enough for the notary to certify, “of all which I duly notified the endorsers unless it is shown that by the law of Pennsylvania, the certificate is not required to state anything more or further. If there is any manner of giving such notices prescribed by statute in Pennsylvania, as there is in this State, then such mode must be followed, and it must be specially stated in the certificate. To certify that it was duly done is not sufficient.
Independently of any statute, the law provides the various modes of giving notice according to the exigencies of every case. Thus it may be either personal, or at the domicil or place of business of the party; or *198 ■by the post, or by a special messenger, &c. But if by the post, it seems indispensable that • it should be in writing, and be sent to the appropriate post-office.
In meeting the denial of notice by the endorser, enough must be shown to answer the law. It must ¡appear that notice was given in one or other of the prescribed modes ; and if by the post, that it was addressed to the proper post-office. It is no part of the duty of a notary public to notify the parties entitled to notice, of the non-payment of a bill or note unless required to do so by statute (Bank of Rochester v. Gray, 2 Hill, 227). And when his certificate, for ■convenience or economy, or otherwise, is allowed to be substituted in some cases for oral proof of the protest and notice, it must contain as much, at least, as would be required in his oral testimony. It was not •intended, I think, that it might contain less facts than would be required in the oral proof; and the statement •of the notary on the stand, that he had “ duly notified Ihe endorsers,” would not be regarded as sufficiently •describing the manner of notifying. He would be asked, and required to answer, how, and in what form ¡and particular manner he had given or served the notice.
The presumption which arises in favor of the per-' formalice of official duty is confined to the act itself. "Thus where an officer is required to do a certain thing, -'it will be presumed that he has done it, and his certifying he has done it, will be taken as true. But when the officer certifies to the doing of the act, he must certify to having done all that the law requires him to •do; and there is no presumption that will supply .any omission in that particular.
Where proof by certificate is substituted for common-law evidence, all the forms directed by the statute, whether preliminary or substantial, must be strictly -complied with (Rogers v. Jackson, 19 Wend. 383). *199 And the rule applies as well to duties required by or performed under the common law. In the case cited, the certificate omitted to specify the post-office nearest to the reputed place of residence of the party notified, and the certificate was held to be insufficient.
The language of the act of 1865, is to me very plain. It does not absolutely render a foreign notarial certificate sufficient, unless the notary certifies to enough. If there is a statute prescribing the manner of notifying endorsers, the certificate must state the mode of service. If there is no statute, then the common-law mode must be followed, and the certificate must state the facts.
The act allows presentment and notice to be made and given, according to the laws of such other state, and proof thereof to be made as is authorized and required by such laws. On such proof, i. e., that the presentment and notice was according to the laws of such state, being made, it shall be held to have been duly done, and such a certificate would be enough.
So far the lex loci will control. If the protest and notice is in accordance with the laws of the state where the note is payable, it will conclude the courts here. But the proof and its sufficiency is governed by the lex fori, unless it is shown that the proof is of all the facts required by tjhe laws of such foreign state, or by the common law. And the burden of showing that rests upon the holder of the dishonored paper.
If these views are correct, then the notarial certificate should have been excluded from the jury, as not containing or being any evidence whatever of the service of notice upon the defendant; and the learned justice erred in refusing so tó charge.
Therefore, the submission of the question of notice to the jury as a fact to be found upon somewhat conflicting evidence, does not cure or remove the objection to their finding it upon improper evidence.
*200 As no objection to a recovery upon the checks was raised before ns on the appeal, and as it was in substance conceded by the appellant’s counsel that the only error was in the admission of the notarial certificates, which relate solely to the notes in suit, there is no reason for disturbing so much of the judgment as is covered by the checks.
The judgment will be modified by deducting therefrom the sum of three thousand and fifty-one dollars and fifty cents, being the amount of the notes and interest, and as modified, affirmed, without costs of the appeal.
And as to the notes mentioned and described in the complaint, the judgment must be reversed, and a new-trial granted, upon the pleadings applicable thereto, without costs of the appeal to either party.