AUGUSTUS VAN KEUREN and EGBERT M. HAINES, Respondents, v. WILLIAM STARR MILLER, Appellant.

*Building contract — recovery for labor performed — unjustifiable refusal of an architects' certificate.*

In an action brought to recover for mason work performed and labor furnished upon a house for the defendant, under a contract which provided that the work should be done under the supervision of the architects and builder, and that the defendant should pay all bills for work done during the preceding month on or before the fifteenth of each month, provided they were accompanied by the certificate of the architects that payment was due, the trial court found that the work in question was duly performed by the plaintiffs; that all the bills therefor had been duly presented to the architects for certification; that certain of the bills had been certified to be correct by the architects, and that as to those for which a certificate was refused, no legal or valid reason for the refusal was shown, nor was the architects' action in refusing a certificate justified; that the bills had become due and payable the same as if a certificate therefor had been issued by the architects; and that the plaintiffs were entitled to recover therefor.

*Held,* that the facts found were justified by the evidence; that there were no questions of law involved, and that the judgment should be affirmed.

APPEAL by the defendant, William Starr Miller, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of Dutchess county on the 25th day of March,

1893, upon a decision of the court rendered after a trial by the court at the Dutchess Special Term.

*Esselstyn & McCarty*, for the appellant.

*A. Lee Wager*, for the respondents.

DYKMAN, J.:

This is an appeal from a judgment in favor of the plaintiffs against the defendant.

The action was for the recovery for work and labor furnished to the defendant in the construction of a large stone mansion at Rhinebeck, in Dutchess county, in pursuance of a written contract.

The action was tried before a judge of this court, and decided against the defendant, and from the judgment entered on such decision the defendant has appealed. The trial judge found and decided the following facts : On the 8th day of July, 1892, Augustus Van Keuren, one of the plaintiffs in this action, and the defendant entered into a contract in writing, whereby Van Keuren agreed to do all the labor in connection with the mason work and plastering upon the erection of the residence of the defendant already mentioned. According to the terms of the contract, the labor was to be done by the day. Carrin and Hastings were the architects of the building, and were intrusted by the defendant with the full charge and supervision of the work.

Ackert and Brown did the carpenter work upon the mansion, and they supervised the progress of the mason work, according to the written agreement between Van Keuren and the defendant. The work was begun about the 1st day of August, 1892, and continued uninterruptedly until the month of December, 1892.

On or before the fifth day of each month, all the bills for labor and services rendered and expenses incurred during the preceding month, were presented to the architects for certification, and all such bills became due and payable on the fifteenth day of the month succeeding that in which they were incurred.

The defendant agreed to pay such bills on or before the fifteenth day of the month in which they were presented, provided the bills were accompanied by the certificate of the architects that the payment was due.

On the 8th day of September, 1892, with the written consent of the architects, the plaintiffs, Augustus Van Keuren, assigned an equal one-half interest in the work to be performed according to the terms of the agreement, to Egbert M. Haines, one of the plaintiffs, who thereupon became an equal copartner with said Van Keuren, and thereafter the work was conducted by the firm of Van Keuren & Haines, the plaintiffs in this action.

During the month of October, 1892, the plaintiffs performed work and furnished labor for the defendant under the contract, and paid freight charges on material furnished to defendant to the amount of $11,797.76. During the month of November, 1892, the plaintiffs performed work and furnished labor for the defendant under the contract, and paid freight charges on material furnished to the defendant to the amount of $5,129.50.

During the month of October, 1892, Ryder and Haines performed work for the defendant at Rhinebeck, in carting stone, lime, brick, cement and general materials used in building the mansion of the defendant, as specified in the agreement, of the value of $1,957.35, which the defendant agreed to pay on or before the 15th day of November, 1892.

During the month of November, 1892, Ryder and Haines performed labor and services for the defendant at Rhinebeck, consisting of carting stone, lime, brick, cement and general materials used in the building of the mansion of the defendant, as specified in the agreement, of the value of $888.79, for which the defendant agreed to pay on or before the 15th day of December, 1892.

All bills for work, labor and services and freight furnished by the plaintiffs and Ryder and Haines during the month of October, 1892, were presented to the architects for their certification on or before the 5th day of November, 1892, and the architects issued their certificate to the effect that the payment of the bills was due, and that all of such bills for October became due and payable on the 15th day of November.

All the bills for work, labor and services and freight furnished to defendant by the plaintiffs and Ryder and Haines during the month of November, 1892, were presented to the architects on or before the 5th day of December, 1892, and repeated demands were there-

after made upon the architects that they issue their certificate that the payment of the November bills was due.

The architects refused or neglected to issue a certificate for the November bills, and they were requested and directed by the said defendant not to issue a certificate for November, 1892.

No legal or valid reason for the refusal to issue such certificate was shown upon the trial of this action, and the architects have failed to justify such refusal.

All of the bills of November, 1892, became due and payable on the 15th day of December, 1892, the same as if certificates thereof had been issued by the architects.

Prior to the commencement of this action, Ryder and Haines assigned and transferred to the plaintiffs herein their claim against the defendant for work and labor rendered during the months of October and November, 1892, amounting to $2,846.14, with interest from the time their claims became due, and the plaintiffs are now the owners and holders thereof.

All the work, labor and services furnished and performed by the plaintiffs and Ryder and Haines was furnished and performed under the direction and supervision of the architects, Ackert and Brown, the carpenters doing the work, and such work, during its progress, was approved by the architects from week to week, and by the said architects inspected at least three times a week during the progress thereof.

The plaintiffs' commissions for their general services in connection with the work as called for under the said written contract, viz., ten per cent on the cost of all labor and material furnished for the mason work, is not included in the plaintiffs' claim in this action.

The plaintiffs and Ryder and Haines faithfully kept and performed the covenants and agreements to be kept and performed on their part, and the defendant failed to keep and perform the covenants and agreements to be kept and performed on his part, by neglecting and failing to pay the bills due for October and November, 1892. On the 2d of December, 1892, the defendant paid to the plaintiffs on account of such work, the sum of $10,000, and no other payments have been made thereon.

The judge found and decided as conclusion of law, that the defendant is indebted to the plaintiffs in the sum of $9,773.40, with

interest on $3,771.31, from November 15, 1892, and with interest on $6,002.09, from December 15, 1892, said interest amounting to $176.29, making together the sum of $9,949.69, for which last sum, with costs, the plaintiffs are entitled to recover judgment against the defendant, and judgment was directed accordingly.

The facts so found are fully justified by the evidence, and there were no questions of law involved.

There is no merit in this appeal and the judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.