AUGUSTUS VAN KEUREN and Another, Respondents, *v.* WILLIAM STARR MILLER, Appellant.

*Two actions on the same demand — joinder of separate causes of action — compensation of a party to a contract, when due — damages recoverable on his discharge.*

A party cannot prosecute more than one action for the same demand, and if a single cause of action is severed, and a recovery had for a part of the claim, the judgment will operate as a bar to a subsequent action for any other portion of the same claim.

All demands actually due upon the same contract make but a single cause of action, in reference to the rule as to the splitting of demands; but there is no rule which requires a party to join in the same action separate causes of action, and where one demand upon a contract is due it may be sued for, and a judgment recovered upon it is not a bar to another demand on the same contract, not due at the time of the commencement of the first action.

Where no time was fixed by a contract for the payment of commissions on labor and materials to be performed and furnished by one of the parties thereto, and the amount of such commissions represented the profit or compensation of such party, the amount thereof does not become due until the performance of the contract and the final completion of the work therein specified, unless there is a prior termination of the contract by the discharge of the person so entitled to such commissions, in which case he is entitled, upon such discharge, in the absence of any evidence justifying his discharge, to recover, in addition to commissions on the work performed and materials furnished under such contract, a sum, as damages, equal in amount to the commissions stipulated thereby to be paid, on the work done subsequent to his discharge, which amount is the value of the contract to him.

APPEAL by the defendant, William Starr Miller, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Dutchess on the 27th day of December, 1893, upon the decision of the court rendered after a trial at the Dutchess Special Trem.

*Esselstyn & McCarty*, for the appellant.

*A Lee Wager*, for the respondents.

BROWN, P. J. :

This action was brought to recover commissions stipulated to be paid to the plaintiffs by the defendant upon the value of labor performed and materials used in the construction of a dwelling house.

The only defense necessary to be considered upon this appeal is that the claim here sued upon is a part of a cause of action made the subject of a prior suit between the parties, and upon which judgment was recovered by the respondents.

That case was before this court in 1893, and is reported in 71 Hun, 68. A recovery was there had for materials purchased by the plaintiffs and used in the building.

There was no general contract between the parties for the erection of the building or any part of it, but the plaintiffs were to purchase the materials and furnish the labor, and to the bills therefor were to add ten per cent, which sum was their commission or profit on the work.

The contract between the parties provided that, on or before the fifteenth day of each month the defendant should pay ninety per cent of the value of the bills for materials and labor, and that the balance should be paid within ten days from the date of the final acceptance of the building.

Bills for the materials and labor were to be rendered before ·the fifth day of each month, and bills for labor were to be made out for the exact amount paid by the builders to the men. It then provided as follows :

" On the bills so rendered the builder shall be entitled to charge a commission of ten per cent for his general services in connection with the works, the purchase of material, the employment of labor and such clerical work as is necessary in connection with the execution of the works in a good and workmanlike manner."

The appellant claims that the commissions were due monthly, and were a part of the bill for each month, and if this contention is sound they should have been included in the former action.

A party cannot prosecute two or more actions for the same demand, and if a single cause of action is severed and a recovery had for a part of the claim the judgment will operate as a bar to a subsequent action for any other portion of the same claim.

And it has been held that all demands actually due upon the same contract make but a single cause of action in reference to the rule as to the splitting of demands. (*Bendernagle* v. *Cocks*, 19 Wend. 207; *Fish* v. *Folley*, 6 Hill, 54.)

But there is no rule which requires a party to join in the same action separate causes of action, and where one demand upon a contract is due it may be sued for, and a judgment recovered upon it is not a bar to another demand on the same contract not due at the time of the commencement of the first action. (*Butler* v. *Wright*, 2 Wend. 369.)

No time was stipulated in the contract for the payment of the commissions on the labor performed and materials furnished, and as it represented the profit or compensation of the plaintiffs it was not due until the performance of the contract and the final completion of the building.

The plaintiffs were discharged in March, 1893, and they were not entitled to sue for their commissions until that date. The prior action was commenced in February. The claim here asserted was not, therefore, due when that action was commenced. The discharge of the plaintiffs terminated the contract, and they were entitled in addition to commissions on work performed and materials furnished to then sue for breach of the agreement, and in the absence of any evidence justifying the discharge they were properly allowed as damages ten per cent upon the cost of the work subsequent to the discharge. That sum represented the value of the contract to them.

The judgment should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.